MELVIN L. FULLER ET AL. *vs.* EDWIN W. MARVIN, EXECUTOR.

First Judicial District, Hartford, January Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

The right to appeal from a Court of Probate, under § 5071 of the General Statutes, exists only in favor of a person "aggrieved," and only in matters not "otherwise specially provided by law." If either of these conditions is lacking, the appeal is void.

When the right to appeal exists, the appellant must exercise it by filing his motion or application within one month, if he is "of full age and present" or has "legal notice to be present," or within twelve months, if he has "no notice to be present and is not present" (§5072), and must state therein his interest (§5075) and give a bond (§5071) with sufficient surety to prosecute the appeal to effect. Upon compliance with these statutory requirements the appeal must be allowed as of right; and any irregularities in pursuing them render the appeal merely voidable and must be seasonably raised by a plea in abatement.

If the record shows that the appeal was not taken within the time allowed by statute, that fact is thereby conclusively established and cannot be varied by contradictory allegations in the appellant's answer to a plea in abatement.

If the appeal is allowed within the statutory period, the court may, in its discretion, accept a bond filed after the expiration thereof, and the appeal is not for that reason abatable; but it is otherwise if the appeal itself was not allowed within the proper time.

Argued January 4th—decided February 28th, 1928.

APPEAL by the plaintiffs from an order and decree of the Court of Probate for the district of Hartford, dismissing the petition of the plaintiffs that the decree of that court admitting to probate the last will of

Herbert Randall, late of Hartford, deceased, be vacated, taken to the Superior Court in Hartford County where the defendant's demurrer to the plaintiffs' answer to the defendant's plea in abatement was sustained (*Jennings, J.*) and, upon the refusal of the plaintiffs to plead further, judgment was rendered for the defendant, from which the plaintiffs appealed. *No error.*

*Norris Maguire,* of Boston, Massachusetts, with whom, on the brief, were *Robert Hirsch* and *Morton Collingwood,* for the appellants (plaintiffs).

*Alvan Waldo Hyde,* for the appellee (defendant).

WHEELER, C. J.  On April 12th, 1927, the appellants took their appeal to the Superior Court in Hartford County from a decree of the Court of Probate for the district of Hartford rendered on March 8th, 1927, "approving and admitting to probate" the will of Herbert Randall.  The defendant executor plead in abatement to the appeal, alleging that, on October 9th, 1926, the appellants petitioned the Court of Probate praying that its decree, entered on June 24th, 1926, admitting this will to probate, be vacated; that, on March 8th, 1927, after hearing had, that court sustained the demurrer to the petition of the executor and beneficiary and dismissed it; that legal notice of the hearing upon this petition was given by publication and by sending copies of such notice by registered mail to the petitioners who were all of full age; that further notice of an adjourned hearing upon the petition was given to the petitioners by registered mail, and at all hearings on their petition the petitioners were represented by their attorney.

The foregoing facts were admitted in the petition-

ers' answer to the plea in abatement. The plea further recited that this appeal was not taken within one month after the decree of March 8th, 1927, was entered. To this allegation the petitioners answered that they did claim an appeal from the decree within one month from March 8th, 1927, the date of entry of the decree, which claim was accepted by the Court of Probate and the appeal duly entered in the Superior Court and the Supreme Court of Errors. The defendant demurred to this paragraph of the answer upon the grounds that the appeal was allowed more than one month after the entry of the decree appealed from, as appears of record; that it is immaterial when the plaintiffs claimed their appeal, and that the records of the Court of Probate cannot be amended, altered, attacked or varied by facts outside its record. The answer thus sought to alter the record of the Court of Probate, and the demurrer to it was upon the grounds that the appeal showed its allowance after the expiration of the statutory period, and that the records of the court could not be altered by facts outside its records. General Statutes, §5072, provides: "All such appeals [probate], by those of full age and present, or who have legal notice to be present, shall be taken within one month, and if they have no notice to be present and are not present then within twelve months." All that the appellant is required to do in perfecting his appeal is to present his motion for the appeal to the court stating his interest (General Statutes, §5075), and to give a bond with sufficient surety to prosecute the appeal to effect. General Statutes, §5071. Upon compliance with these statutory requirements the court is obliged to allow the appeal. *Donovan's Appeal*, 40 Conn. 154.

The appeal "exists only in favor of a party 'aggrieved' in a matter not otherwise specially provided

for by law; a bond with sufficient surety to prosecute the appeal to effect must be given; and the motion, application or request for the allowance of the appeal to the proper court, must be made to the probate court within the time limited by law for making the same. When all the conditions exist the right of appeal is complete," but "certain requisites are necessary to its full and effective exercise. The appeal must be requested by the party entitled to it or by some one acting for him; it must be allowed by the probate court; the appeal papers must in some way show that the party is entitled to appeal as one 'aggrieved'; a proper and sufficient bond with surety must be given; the appeal papers must be entered in the Superior Court at the proper time and term. When the right to appeal thus exists and the right has been duly exercised in the manner prescribed by law, the Superior Court has full jurisdiction over the subject-matter of the appeal." *Orcutt's Appeal,* 61 Conn. 378, 382, 24 Atl. 276. If the appellant is not a party aggrieved, or the cause is not, as to him, appealable, or the matter of the appeal is otherwise specially provided for by law, the appeal would be void. But the failure to give the bond, or to show upon the record that the appellant was aggrieved, or to give proper notice of the appeal, or to take it within the time for taking appeals, are irregularities which make the appeal voidable, not void, and are to be taken advantage of seasonably by a plea in abatement. *Orcutt's Appeal, supra,* at page 383.

The appeal in the instant case, upon the record, was taken more than a month after the decree appealed from. This record is conclusive as to this fact; the appellants cannot by their answer change it. *Gallup* v. *Smith,* 59 Conn. 354, 361, 22 Atl. 334; *Gallup* v. *Fox,* 64 Conn. 491, 493, 30 Atl. 756. The allegation

of the plaintiffs' answer to the plea that they made their claim of an appeal which was duly accepted by the Court of Probate within the statutory period of a month, does not help to supply the essential requirement that the appeal be allowed within the required period of a month. The record does not state the reason the appeal was not allowed within the required time, whether it was due to the failure to give the necessary bond, or to some other cause.

The plaintiffs base their appeal to this court upon the fact that their claim of appeal was filed and accepted within the statutory period, and they contend that *Barnum's Appeal*, 33 Conn. 122, supports their claim,—that their appeal is valid despite their failure to file the bond within the required time. In the *Barnum* case the appeal from commissioners was allowed within the statutory period of fifteen days, but the bond was filed a few days after the expiration of this period. We held that it was within the discretion of the court to accept the bond after the expiration of the period, or to reject it and disallow the appeal when the bond was tendered after the statutory period, and therefore the court's allowance of the appeal was valid. We placed our decision squarely upon the opinion in *The Dos Hermanos*, 23 U. S. (10 Wheat.) 306, 311, in which Chief Justice Marshall said: "It is true that the security required by law was not given until after the lapse of the five years; and, under such circumstances, the court might have disallowed the appeal, and refused the security. But as the court accepted it, it must be considered as a sufficient compliance with the order of the court, and that it had relation back to the time of the allowance of the appeal." The difference between that case and the *Barnum* case and the instant case, is that in those the court allowed the appeal within the statutory period,

and in this case allowed it after such period. If the court had allowed the appeal within the statutory period and accepted the bond after this period, we should have followed their authority and overruled this plea. But as the court did not allow the appeal until after the statutory period, we must sustain the plea in accordance with our holding in *Barnum's Appeal,* 33 Conn. 132.

There is no error.

In this opinion the other judges concurred.