Alohzo J. Prey, S.
This is a proceeding in which the petitioner seeks permission of the court to withdraw his waiver of citation consenting to the probate of the will of the deceased dated December 19, 1955, and to open the decree of probate thereof dated October 24,1958, revocation of letters testamentary issued thereon and for such other relief as to the court may seem just and proper.
Nora Sober White departed this life at the City of Salamanca on the 3d day of February, 1958. She left her surviving, two sons and a daughter, Robert Roy White, Wilbur White, Jr., and Helen Budzinski, all of full age, and several granchildren.
A document purporting to be the last will and testament of the deceased, with a petition for probate thereof, was duly filed with the court on February 5, 1958. The will propounded for probate is dated December 19, 1955, and was drafted by Burdette Whipple, an attorney of Salamanca, New York, a man of many years experience as a practicing attorney and was witnessed by the attorney, Burdette Whipple and a young woman by the name of Elaine Meyers, who at that time was employed by the drafter of the will.
The petition for probate of will was verified by Robert Roy White, one of the two sons of the deceased, and accompanying the petition was the waiver and consent of Wilbur White, Jr., which consents that the paper writing bearing date the 19th day of December, 1955 purporting to be the last will and testament of the deceased be admitted to probate.
*23 A citation was duly issued, addressed to Helen Budzinski, the surviving daughter of the deceased, and proof of due service thereof upon the said daughter and proof of mailing notice of probate to the other legatees was duly filed. The petition was verified on February 3, 1958, the waiver of citation was signed and verified the same date which also is the date of death of the deceased. The citation was returnable before the court on February 24, 1958 at the courtroom in the City of Salamanca, New York at 11:00 o’clock in the forenoon of that day, but at the request of the proponent, the matter was adjourned and readjourned from time to time until the 6th day of October, 1958 at which time the subscribing witnesses were examined.
On that date the petitioner, Robert Roy White, appeared in person and was represented by Shane and McCarthy, attorneys, Gr. Sydney Shane of counsel. The daughter, Helen Budzinski, appeared in person and was represented by attorneys, Wade and Kehoe, James Kehoe of counsel. Wilbur White, Jr., also appeared in person and was represented by attorneys Kelly and Monighan, James Monighan of counsel, even though he had filed a waiver consenting to the probate of the will.
The subscribing witnesses to the will were sworn, testified and were cross-examined by attorney Kehoe, representing Helen Budzinski, and by attorney Monighan, representing Wilbur White, Jr. The daughter, Helen Budzinski, by her attorney requested an adjournment for the purpose of filing objections and the same adjournment granted to the son, Wilbur White, Jr., upon the request of attorney Monighan, to give him an opportunity to make appropriate motion to vacate his waiver of citation and to file objections.
At the expiration of the 10-day adjournment, no objections had been filed on behalf of the daughter, Helen Budzinski, and the court having received a communication from Kelly and Monighan on behalf of 'Wilbur White, Jr., dated October 22, 1958 which informed the court that the son, Wilbur White, Jr., did not intend to move to set aside the waiver of citation executed by him consenting to the probate of the will, and that he did not intend to file objections to the probate. Thereupon the will was duly admitted to probate on October 24, 1958 and letters testamentary on that date granted to Robert Roy White, the executor named in the will.
A petition has now been presented to the court dated February 2, 1959 signed by Wilbur White, Jr., and filed with the court on February 2, 1959 wherein the petitioner prays that a show cause order be granted, addressed to Robert Roy White, *24 executor, directing Mm to show cause why the petitioner shouM not be permitted to withdraw his waiver of citation and open the decree of probate setting the same aside and revocation of letters testamentary and for such other relief as to wMch the petitioner may be entitled. The petition verified by Wilbur White, Jr., is supported by an affidavit signed by Wilbur J. White, III, a grandson of the deceased and the son of the petitioner. The petition alleges, among other tMngs, that the letter referred to above from Kelly and Monighan dated October 22, 1958 was unauthorized; that fraud and misrepresentation were exerted upon the petitioner by Robert Roy White, petitioner’s brother and the executor named in the will, who, it is alleged in the petition, substituted the will offered for probate in the place of one wMch had been exhibited to the petitioner by Robert Roy White dated January 26, 1956; and that the petitioner when he signed the waiver of citation in the office of Shane and McCarthy, thought he was consenting to the probate of a will dated January 26, 1956 instead of the one presented for probate dated December 19, 1955 although the waiver of citation signed by the petitioner, Wilbur White, Jr., plainly and clearly describes the document being offered for probate as having been dated December 19, 1955.
The supporting affidavit by the petitioner’s son states that he, Wilbur J. White, III, visited his grandmother, the deceased, in August of 1956; that he took her to the office of Burdette Whipple on or about the 14th day of August, 1956 where he believed the attorney, Burdette Whipple, prepared another will for the deceased; that he did not see the document; that he waited in his car; and that even though he was requested to be present when the alleged new will was that day signed, did not do so as it was, in his words, “ None of my business ”; and that he waited in his car until the deceased left the attorney’s office; and that he took her back to her then place of residence, 40 Newton Street, Salamanca, New York.
An order to show cause was granted upon said petition dated February 2, 1959 directed to the executor, Robert Roy White, or his attorney, returnable before the court on February 16,1959 and was by stipulation adjourned to the court chambers at Salamanca on the afternoon of that date. At that time the respondent submitted his answering affidavit, in which he denies knowledge of any will other than the one admitted to probate dated December 19, 1955. Respondent states that that will was handed to Mm in an envelope on which was labeled the words “Will of Nora Sober WMte, December 19, 1955 ” and this statement is corroborated by the affidavit of respondent’s wife *25 submitted in support of respondent’s answering affidavit. He denies ever showing the petitioner, Wilbur White, Jr., any other will; that when he and his brother visited the office of attorney Shane at Olean on the day of the death of the deceased, that the only will he had ever seen or which had been in his possession and which he had exhibited to Wilbur White, Jr., was the one discussed by them with attorney Shane at his office; that the papers were prepared by Shane’s secretary; that the petitioner, Wilbur White, Jr., read the waiver before he signed it; and that there was no act of fraud or misrepresentation of any kind committed by the said Robert Roy White.
The answering affidavit is supported by that of Margaret E. Wachter, who was employed at the office of Mr. Shane, a girl of wide experience as a secretary whose affidavit sets forth the facts that she prepared the papers, the petition for probate of will and the waiver and consent for the petitioner, Wilbur White, Jr.; and that he read the consent and that he knew what he was signing; and that he acknowledged the execution of the document before her.
These facts are also supported by the affidavit of G. Sydney Shane, and there is also presented to the court the affidavit of James J. Monighan, who appeared for the petitioner, Wilbur White, Jr., at the hearing when the subscribing witnesses to the December 19, 1955 will and who participated in the examination of said witnesses as attorney for Wilbur White, Jr., and his affidavit" states that on October 20, 1958 that he, Monighan, called Wilbur White, Jr., at his residence in the Town of Leon and informed him that it was his (Monighan’s) opinion that there was little chance of setting aside the waiver and of preventing the probate of the will, and that he wanted to talk with Wilbur White, Jr., and that he, Wilbur White, Jr., said that ‘ we might just as well admit we are licked ’ ’; further that Monighan informed the petitioner, Wilbur White, Jr., that he intended to write the Surrogate notifying him that they intended to withdraw their objections and that the petitioner, Wilbur White, Jr., did not dissent from that action and told Monighan that “ your idea is good enough for me ” and that thereafter, the petitioner, Wilbur White, Jr., employed counsel Charles Kysor of the firm of Kysor and Della Posta of Gowanda who represent the petitioner, Wilbur White, Jr., in this proceeding.
The attorneys representing the respective parties submitted the matter to the court on the papers filed in this proceeding and on all proceedings had to date and on all papers filed with the court in this estate, except that petitioner does not stipulate to be bound by the letter of James J. Monighan dated *26 October 22, 1958, after presenting their oral arguments on their respective positions and a brief has been filed by-petitioner in support of his position.
The testimony of the subscribing witnesses to the execution of the will dated December 19, 1955 unquestionably established the due execution of that will which is not disputed in any way by the interested parties, and furthermore, the testimony of the attorney, Burdette Whipple, clearly establishes the fact that to his knowledge and memory he made no other wills subsequent to the date December 19, 1955 for the deceased although he did do other work for her consisting of the preparation of deeds, and he 'was closely cross-examined on this question by both attorney Kehoe, representing the daughter, Helen Budzinski, and by Mr. Monighan, representing the petitioner, Wilbur White, Jr.
The question which the Surrogate must consider is whether the petitioner has shown that fraud or misrepresentation was perpetrated by the executor, Robert Roy White, upon him, and if any undue advantage was taken of the petitioner to obtain his waiver of citation which consented to the probate of the will in question by such sufficient and convincing proof as to justify a decree to set the same aside.
In view of the fact that the parties to this proceeding have stipulated in open court that the question may be determined by the court on the papers filed in this proceeding, and on all papers filed with the court in this estate and on all proceedings had to date, the court may treat the petition and supporting affidavits, the answer thereto and the affidavits supporting the the answer as evidence of the parties, and as though proof had been taken on the issues raised thereby.
Although the rule prior to 1949 seems to have been well established that to succeed in a proceeding to open a decree of probate, the petitioner must not only allege and show fraud in the probate proceeding, to his damage, but also to set forth facts sufficient to afford a substantial basis for the contest and a reasonable probability of success (Matter of Martin, 14 Misc 2d 266), it is now the rule in some of the appellate departments where fraud is alleged, the petitioner in such a proceeding is not required to show facts sufficient to afford a reasonable probability of success in the prospective will contest (Matter of Westburg, 254 App. Div. 320; Matter of Teller, 196 Misc. 933, revd. 277 App. Div. 937, amd. 277 App. Div. 1016, motion for leave to appeal denied 277 App. Div. 1160; Matter of Baldwin, 3 AD 2d 635).
*27 No testimony was taken in this proceeding, but the act of the parties in submitting the matter to the court on the papers filed in this proceeding, and on all proceedings had to date in the estate of the deceased and all papers filed with the court therein has the same force, weight and effect as though proof had been taken.
Therefore, the only question for the court to determine is on the issue of fraud.
Applications such as this and on meager grounds, disrupt the orderly process of the administration of estates and if they were to prevail would impose on decrees and judgments of the court a continual aura of uncertainty and nonfinality. It is imperative that finality should characterize decrees of probate and that they should not be set aside except in extraordinary cases and then only when errors are plain and palpable and beyond any question (Matter of Gori, 129 Misc. 541).
The fraud, misrepresentation, coercion, or other ground tending to destroy the validity of a waiver must be shown and should be clear and convincing.
Here we have the sworn statement by the petitioner that he was shown a subsequent will of the deceased, by his brother, and that he was tricked into signing a waiver consenting to the probate of an earlier will. The respondent, executor, flatly denies this. The son of the petitioner makes oath as to a third, a still later will, the existence of which are both denied by the attorney who prepared the will which has been admitted to probate. There have been no facts presented by the petitioner to show that such subsequent wills ever existed except his bare statement that he saw one.
The petitioner has shown no facts which establish to any degTee that he was tricked into signing the waiver of citation consenting to the probate of the will dated December 19, 1955. The terms and provisions thereof were discussed by him, and his brother, with attorney Shane at his office as set forth in the affidavit of Gr. Sydney Shane, verified February 4, 1959. He was shown a waiver of citation by Margaret Wachter, Shane’s secretary, and she says in her affidavit that the petitioner examined the waiver and appeared to be reading it and then signed it in her presence and that she took his acknowledgment. The waiver itself, on file with the papers in this estate, clearly shows the date of the will, probate of which he was consenting to, was December 19, 1955.
The petitioner is a man of mature years, well educated and fully as well informed on matters of this kind as is his brother, *28 the executor. The execution of the waiver of citation and the consent to probate the .December 19, 1955 will was his own voluntary act and he is bound with knowledge of the contents of the instrument and with its legal effect. The document is in no way ambiguous and there is no proof that there was any misleading representation made to him at the time he signed it (Matter of Stone, 272 N. Y. 121; Matter of James, 173 Misc. 1042, affd. 262 App. Div. 703, affd. 287 N. Y. 645).
No question has been raised as to the competency of the deceased at the time of the execution of the will of December 19, 1955; no question has been raised as to its due execution. The question as to the regularity of the probate is not before the court. The petitioner was present at the taking of proof on the probate, represented by an attorney who participated in the examination of the subscribing witnesses, and has had the advantage of every legal right to which a prospective contestant could have had. He was aware of all the facts set forth in his affidavit at the time of the probate proceeding and ample opportunity has been afforded to him to establish the basis of this proceeding.
The Surrogate accordingly determines upon the merits that the petitioner has failed to establish a basis in fraud, misrepresentation, coercion, or on any other ground for setting aside the waiver of citation and consent to the probate of the will dated December 19, 1955, which waiver was duly executed by him on the 3d day of February, 1958, said will having been admitted to probate on October 24, 1958.
The application of the petitioner is accordingly denied and his petition dismissed.
The court having determined that there was no fraud perpetrated in the execution of the waiver of citation and the petition having been dismissed, it is unnecessary for the court to make a determination of the question of laches raised by the respondent on oral argument in this proceeding, nor is it necessary for the court to determine whether the petitioner has shown facts sufficient to afford a substantial basis for a contest and reasonable probability of success.
Let decree be entered accordingly, on notice, denying petitioner’s application, and dismissing the petitioner’s petition, without costs.