MARION P. HEISER *v.* MORGAN GUARANTY TRUST COMPANY, TRUSTEE (ESTATE OF JONATHAN PETERSON), ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued May 9—decided May 28, 1963

*John L. Calvocoressi,* for the appellant (plaintiff).

*Robert T. Gilhuly,* with whom, on the brief, was *Howard S. Tuthill,* for the appellee (named defendant).

*Joseph H. Donnelly,* for the guardian ad litem (defendant Dorothy S. Stefanelli).

ALCORN, J. This appeal involves the portion of § 45-289 of the General Statutes relating to appeals from probate which provides that "[a]ll such appeals, by those of full age and present or who have legal notice to be present, shall be taken within thirty days . . . ." The plaintiff admittedly is an interested party in a trust established under the will of Jonathan Peterson, deceased, is over the age of twenty-one, was given notice to be present, was represented by counsel and participated in a hearing on the allowance of the trustee's account covering the period from April 7, 1961, to October 13, 1961. Following the hearing, the account, which included provision for a trustee's fee, was allowed by the Court of Probate on May 8, 1962. The plaintiff appealed to the Superior Court from the order allowing the account but did not file her appeal in the Probate Court within thirty days after May 8, 1962. The appeal was nevertheless allowed by the Probate Court on June 26, 1962, even though its order recites that the appeal was not filed with it within thirty days. The trustee, appearing specially, filed a plea in abatement in the Superior Court. The plaintiff admitted the essential facts but pleaded, as a special defense, that all parties in interest "received actual notice of the motion of appeal herein less than thirty days after May 8, 1962." The trustee demurred to the special defense on the ground that its allegations did not constitute a valid defense to the plea in abatement. The Superior Court sustained the demurrer, the plaintiff did not plead over, judgment was rendered abating the appeal, and the plaintiff has appealed from that judg-

ment. The narrow question presented is whether the Superior Court may, over a timely objection, entertain an appeal from probate which was not taken within thirty days, even though, within that time, the adverse party had actual knowledge that the appeal was impending. It is the plaintiff's claim that, particularly in view of the fact that the allowance of a trustee's fee is primarily an equitable matter, the Superior Court can exercise discretion to grant relief from the time limitation imposed by § 45-289.

"Our legislation has always favored the speedy settlement of estates, and to that end has carefully limited the time within which such appeals [from probate] must be taken." *Delehanty* v. *Pitkin,* 76 Conn. 412, 419, 56 A. 881, appeal dismissed, 199 U.S. 602, 26 S. Ct. 748, 50 L. Ed. 328. It is a familiar principle that a court which exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation. See *Sears* v. *Terry,* 26 Conn. 273, 284. Our courts of probate have a limited jurisdiction and can exercise only such powers as are conferred on them by statute. General Statutes § 45-4; *Brownell* v. *Union & New Haven Trust Co.,* 143 Conn. 662, 665, 124 A.2d 901. They have jurisdiction only when the facts exist on which the legislature has conditioned the exercise of their power. *Killen* v. *Klebanoff,* 140 Conn. 111, 115, 98 A.2d 520; *Palmer* v. *Reeves,* 120 Conn. 405, 408, 182 A. 138. The Superior Court, in turn, in passing on an appeal, acts as a court of probate with the same powers and subject to the same limitations. *Killen* v. *Klebanoff,* supra, 117; 1 Locke & Kohn, Conn. Probate Practice § 215. In acting on an appeal from

probate, the Superior Court does not exercise the jurisdictional powers vested in it by the constitution but, instead, exercises a special and limited jurisdiction conferred on it by the statutes. *Exchange Buffet Corporation* v. *Rogers*, 139 Conn. 374, 376, 94 A.2d 22; *Palmer* v. *Reeves*, supra, 409. The appeal from probate is taken and allowed in the Probate Court and is a part of the proceedings there. *Exchange Buffet Corporation* v. *Rogers*, supra, 378. The Superior Court cannot cure the legal insufficiency of the appeal or overcome defects in it by amendment or by the taking of evidence. *Exchange Buffet Corporation* v. *Rogers*, supra; *Sacksell* v. *Barrett*, 132 Conn. 139, 146, 43 A.2d 79; *Hewitt's Appeal*, 53 Conn. 24, 35, 1 A. 815. Nor can it, by giving effect to pleadings filed with it, alter the conclusiveness of the record of the Court of Probate as to the late filing of the appeal in that court. *Fuller* v. *Marvin*, 107 Conn. 354, 357, 140 A. 731. Consequently, the Superior Court could not, by the exercise of equitable principles or otherwise, relieve the plaintiff from the effect of the late filing of the appeal.

The effect of a failure to file an appeal on time is to make the appeal voidable but not void. *Orcutt's Appeal*, 61 Conn. 378, 386, 24 A. 276. In *Orcutt's Appeal*, we said: "The statute of appeals is principally and primarily concerned with the rights of the parties rather than with the powers of the probate court. . . . In short, we think it more reasonable to hold that the statute limiting the time for taking appeals from probate is a statute of limitations in the ordinary sense, and was intended primarily and principally to limit the right of the appellant and to protect the rights of the appellee, and not to limit directly and absolutely the power

of the probate court to allow an appeal after the time has passed or to affect the jurisdiction of the Superior Court over an appeal, so allowed, if not objected to in the proper way and at a proper time." Id., 384. The appeal in this case was therefore voidable. When timely objection to it was raised by the plea in abatement, the trial court was correct in sustaining the demurrer to the special defense to the plea and in dismissing the appeal.

There is no error.

In this opinion the other judges concurred.