MARY L. B. PHINNEY *v.* JOSEPH W. ROSGEN, EXECUTOR
(ESTATE OF EDITH M. B. JONES)

HOUSE, C. J., COTTER, THIM, SHAPIRO and LOISELLE, Js.

Argued October 13—decided November 23, 1971

*Clifton F. Weidlich,* with whom was *William F. Weidlich,* for the appellant (plaintiff).

*Jonathan F. Ells,* for the appellee (defendant).

THIM, J. On or before April 23, 1969, Edith M. B. Jones, a resident within the probate district of New Hartford, died testate. On April 23, 1969, the Probate Court admitted the will to probate and appointed Joseph W. Rosgen executor of the estate. In admitting the will, the Probate Court found "that all parties known to be interested in said estate have signed and filed in Court a written waiver of notice" and dispensed with notice of the pendency of the application for probate. On November 18, 1969, the plaintiff, a nonresident of this state, filed in the Probate Court an appeal from the decree admitting the will to probate. On January 8, 1970, the Probate Court allowed the appeal, returnable to the Superior Court on the first Tuesday of February, 1970. The defendant filed a special appearance and a plea in abatement alleging that the appeal was not filed within thirty days after the date of the decree admitting the will, as required by § 45-289 of the General Statutes. In her answer to the defendant's plea in abatement, the plaintiff denied certain allegations of the plea but failed to plead to the allegation that her appeal was not filed within thirty days after April 23, 1969. This fact is deemed to be admitted. Practice Book § 83; *Chester* v. *Leonard,* 68 Conn. 495, 505, 37 A. 397. By way of special defense, she alleged: (1) That she is the sole heir and next-of-kin of the decedent; (2) she is a nonresident of the state; (3) she was induced by the misrepresentations of the executor to sign the waiver of notice of the probate proceedings; (4) the signing of the waiver was involuntary on her part; and (5) she received no legal notice of the proceedings in probate to admit the will. The defendant demurred

to the special defense on the ground that the allegations therein did not constitute a defense to the plea in abatement. The demurrer was sustained, the plaintiff did not plead over and judgment was rendered abating and dismissing the appeal. From the judgment rendered, the plaintiff has appealed to this court.

The Probate Court admitted the will pursuant to § 45-167 of the General Statutes, the pertinent provisions of which provide that "[a]ny court of probate shall, before proving . . . any last will . . . hold a hearing thereon, of which notice, either public or personal or both, as the court may deem best, has been given to all parties known to be interested in the estate, unless all parties so interested sign and file in court a written waiver of such notice, or unless the court, for cause shown, dispenses with such notice." The language and intent of this section could not be any clearer—that a hearing may be held after either notice has been given or the interested parties have waived notice. The statute is unambiguous and is not subject to modification by way of construction. *Little* v. *United Investors Corporation,* 157 Conn. 44, 48, 245 A.2d 567; *State* v. *Simmons,* 155 Conn. 502, 504, 234 A.2d 835; *Hurlbut* v. *Lemelin,* 155 Conn. 68, 73, 230 A.2d 36. Waiver can only be construed according to its commonly approved usage. See *Klapproth* v. *Turner,* 156 Conn. 276, 280, 240 A.2d 886; *State* v. *Wolfe,* 156 Conn. 199, 206, 239 A.2d 509. Waiver has been defined by this court as the "voluntary relinquishment of a known right." *DelVecchio* v. *DelVecchio,* 146 Conn. 188, 194, 148 A.2d 554; *Hackett* v. *Roosevelt School, Inc.,* 145 Conn. 119, 123, 139 A.2d 608; *National Transportation Co.* v. *Toquet,* 123 Conn. 468, 475, 196 A. 344. In the case at bar, the "known

right" which is relinquished is legal notice, thereby escalating written waiver to the equivalency of legal notice. In *Haverin* v. *Welch,* 129 Conn. 309, 313, 27 A.2d 791, this court, in paraphrasing what is now § 45-167 of the General Statutes, said the statute "provides that before a Probate Court shall admit a will to probate it shall hold a hearing, of which, in the absence of waiver, notice . . . 'shall have been given to all parties known to be interested in the estate.'" In 2 Locke & Kohn, Conn. Probate Practice § 273, p. 62, it is stated that "[m]ost courts . . . have adopted the practice of not assigning a time and place for formal hearing upon such applications where notice of hearing is waived. . . . In such cases the papers are examined by the court, and if the granting of administration or probate of the will is found to be proper, the necessary decree is entered without further formality." That written waiver of notice may take the place of the required statutory notice is also the rule in other jurisdictions. See *Matter of White,* 16 Misc. 2d 22, 187 N.Y.S.2d 833; *Hartt* v. *Brimmer,* 74 Wyo. 356, 287 P.2d 645; 95 C.J.S. 233, Wills, § 370. Under § 45-167 if statutory legal notice is given, or a written waiver is filed, as in the case before us, the Probate Court may admit the will.

" 'Our legislation has always favored the speedy settlement of estates, and to that end has carefully limited the time within which such appeals [from probate] must be taken.' *Delehanty* v. *Pitkin,* 76 Conn. 412, 419, 56 A. 881, appeal dismissed, 199 U.S. 602, 26 S. Ct. 748, 50 L. Ed. 328." *Heiser* v. *Morgan Guaranty Trust Co.,* 150 Conn. 563, 565, 192 A.2d 44. Sections 45-289 and 45-291 of the General Statutes limit the time for appeal from the Probate Court. They allow aggrieved persons "one month

in which to appeal to the Superior Court if they are present or have legal notice to be present . . . or within twelve months if, being adults, they are not present and do not have legal notice." *Haverin* v. *Welch,* supra, 314.

It is the plaintiff's contention that, although she did not file her appeal within one month after the making of the probate order, her appeal is timely under §§ 45-289 and 45-291. She argues that since she was not present at and had no legal notice of the proceeding, the probate decree was ex parte, thereby allowing her one year in which to appeal. The defendant's counter argument is that the waiver of § 45-167 served as notice so that the plaintiff had only one month to appeal, and since that period has expired, she has lost her right to appeal.

While §§ 45-289 and 45-291 speak only in terms of notice and not notice or written waiver, we hold that if a written waiver of notice is filed, the notice requirement of §§ 45-289 and 45-291 is satisfied. Section 45-167 clearly indicates that a Probate Court may admit a will after notice. The section, however, also authorizes the admission of a will on a written waiver of notice signed by all interested parties. To construe §§ 45-289 and 45-291 as allowing the plaintiff twelve months in which to appeal when she had signed a written waiver of notice, in lieu of notice, completely ignores the effect of § 45-167. Such a construction would, as claimed by the defendant, have the effect of eliminating the waiver of notice, provided for by § 45-167, as the alternative to legal notice. It would have the further effect of allowing anyone who had legal notice only thirty days in which to appeal, whereas one waiving notice would have twelve months. Such results could not have been intended by the legislature.

Since the provisions of § 45-167 were complied with, the decree entered was not ex parte. The plaintiff had thirty days from the decree of April 23, 1969, in which to file her appeal. On the record, the appeal in the present case was taken more than thirty days after the decree. The record is conclusive as to the fact of late filing and cannot be changed. *Heiser* v. *Morgan Guaranty Trust Co.,* supra, 566; *Exchange Buffet Corporation* v. *Rogers,* 139 Conn. 374, 378, 94 A.2d 22; *Fuller* v. *Marvin,* 107 Conn. 354, 357, 140 A. 731. The late filing rendered the appeal voidable, but not void. *Heiser* v. *Morgan Guaranty Trust Co.,* supra, 567; *Fuller* v. *Marvin,* supra. *Orcutt's Appeal,* 61 Conn. 378, 384, 24 A. 276, stated that "[t]he statute of appeals is principally and primarily concerned with the rights of the parties rather than with the powers of the probate court. . . . In short, we think it more reasonable to hold that the statute limiting the time for taking appeals from probate is a statute of limitations in the ordinary sense, and was intended primarily and principally to limit the right of the appellant and to protect the rights of the appellee, and not to limit directly and absolutely the power of the probate court to allow an appeal after the time has passed or to affect the jurisdiction of the Superior Court over an appeal, so allowed, if not objected to in the proper way and at a proper time." Late filing, an irregularity which makes the appeal voidable, is to be taken advantage of by a plea in abatement as was properly done in the case at bar. *Heiser* v. *Morgan Guaranty Trust Co.,* 150 Conn. 563, 567, 192 A.2d 44; *Fuller* v. *Marvin,* supra; *Orcutt's Appeal,* supra, 385. Since the plea in abatement alleged facts which were not apparent on the face of the record until the plaintiff's answer to the plea was filed, the

plaintiff's claim that the defendant should have filed a motion to erase instead of the plea in abatement is without merit.

The plaintiff, having filed her appeal more than thirty days after the decree, now seeks in her appeal to avoid the effect of the late appeal by attacking the waiver on the ground that it was obtained by the defendant by making alleged misrepresentations. Since the appeal was not taken in time, the plaintiff cannot have the probate decree reviewed by a trial de novo in the Superior Court. *Haverin* v. *Welch,* 129 Conn. 309, 316, 27 A.2d 791. Her only recourse on the ground of misrepresentations would be "by an appeal to the general equitable power of the Superior Court, which may, in proper cases, grant relief against decrees of the Probate Court procured by fraud, accident, mistake and the like." *Haverin* v. *Welch,* supra; *DelVecchio* v. *DelVecchio,* 146 Conn. 188, 193, 148 A.2d 554; *Miller* v. *McNamara,* 135 Conn. 489, 493, 66 A.2d 359; *Folwell* v. *Howell,* 117 Conn. 565, 568–69, 169 A. 199.

The plaintiff's claim that she was deprived of due process under the fourteenth amendment to the constitution of the United States is without merit. Her argument assumes that she had received no notice of the probate hearing, an assumption we hold not to be true. Since the plaintiff waived notice of the hearing, and was protected by a right of appeal, she was accorded due process of law.

A timely plea in abatement having been filed, the lower court was correct in sustaining the demurrer to the plaintiff's special defense to the plea and in dismissing the appeal.

There is no error.

In this opinion the other judges concurred.