[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The two issues presented in this appeal as raised in the appellee's motion to dismiss are as follows:
1. Whether the appeal from probate must be dismissed on the basis that it was not filed within the thirty-day limitations period set forth in General Statutes section 45a-186; and
2. Whether the court lacks subject matter jurisdiction to hear the appeal on the grounds that the appellant is not aggrieved.
This is an appeal from a decree of the Stratford Probate Court, Kurmay, J., entered on January 24, 1991 declaring the estate of Roberta Cleary insolvent. The appellant, Computerx Pharmacy, Inc., a creditor of the deceased, filed an appeal on April 10, 1991 whereby it claims that it is aggrieved by said decree and order of the court.
The appellee, Joseph A. Siciliano, administrator of the estate, moves to dismiss the appeal on the grounds that the court lacks subject matter jurisdiction since (1) the appeal was not taken within the thirty-day limitations period set forth in General Statutes section 45a-187, and (2) the appellant is not an aggrieved person as required by section 45a-186. The appellee's motion to dismiss was filed on July 8, 1991.
1. TIMELINESS OF APPEAL
An appeal of an order, denial or decree of a court of CT Page 9041 probate "by those of the age of majority and who are present or who have legal notice to be present, shall be taken within thirty days." General Statutes section 45a-187. The general rule is that the thirty-day period runs from the date on which a decree is entered. Willard v. McKone, 155 Conn. 413, 421,232 A.2d 322 (1967). Where, however, the court does not render a decision in the presence of counsel, but instead reserves decision for a later date, the limitations period commences "when such notice is issued by the clerk [of the court]." General Statutes section 51-53 (b); Practice Book section 398. See also Kron v. Thelen, 178 Conn. 189, 197, 423 A.2d 857 (1979) (where appellant was informed by clerk of court that no decision had been rendered by court, limitations period had not commenced since due process requires that parties have actual or constructive notice of decision before limitations period can commence).
When an appeal is filed after the limitations period has terminated, the appeal is rendered voidable, but not void. Phinney v. Rosgen, 162 Conn. 36, 41, 291 A.2d 218 (1971); Heiser v. Morgan Trust Co., 150 Conn. 563, 566, 192 A.2d 44 (1963). "[T]he statute limiting the time for taking appeals from probate is a statute of limitations in the ordinary sense," and is not intended to affect the subject matter jurisdiction of the superior court over an appeal "if not objected to in the proper way and at a proper time." Phinney, supra, 41; Heiser, supra, 566-57. A motion to dismiss is the proper vehicle by which to attack an untimely appeal from probate. Phinney, supra, 41; Heiser, supra, 567. The objection to the appeal, however, must be timely or it is waived. See Phinney, supra, 42; Heiser, supra, 567.
The appellee herein argues that the thirty-day limitations period began on January 24, 1991, the date of the insolvency hearing, since the court rendered its decree in the presence of counsel on that date. He further argues that appellant's counsel was present at the hearing, and, thus, appellant had notice of the court's decision at that time. The appellant disputes that the court rendered a decision on January 24, and argues that the thirty-day limitations period did not commence until March 2, 1991 when appellant received a copy of the decree from the court. The appellant cites to General Statutes section.45a-376[1] in support of its argument that the court is required to mail notice of its decree before the limitations period is commenced.
In this instance this court need not determine whether the appeal was untimely. As discussed above, an untimely appeal from probate is merely voidable, not void, and is to be challenged by a motion to dismiss brought at the proper time. CT Page 9042 Phinney, supra, 41-42; Heiser, supra, 566-67. Section 142 of the Practice Book mandates that a motion to dismiss be brought "within thirty days of the filing of an appearance." Practice Book section 142. The appellee filed an appearance on May 2, 1991, and filed the motion to dismiss on July 8, 1991. Since the appellee failed to move for dismissal within the thirty-day period mandated by section 142, the untimeliness of the appeal is deemed waived, and the motion to dismiss on the ground of untimeliness is denied.
2. AGGRIEVEMENT
General Statutes section 45a-186 permits "any person aggrieved by any order, denial or decree of a court of probate" to appeal therefrom. General Statutes section 45a-186 (emphasis added). The absence of aggrievement deprives the superior court of subject matter jurisdiction over the appeal. Baskin's Appeal from Probate, 194 Conn. 635, 637, 484 A.2d 934 (1984); Merrimac Associates, Inc. v. DiSesa, 180 Conn. 511, 513, 429 A.2d 967
(1980). When determining whether an appellant is aggrieved, the court does not look to the merits of the case. Baskin's Appeal, supra, 638.
 The existence of aggrievement depends upon whether there is a possibility, as distinguished from a certainty, that some legally protected interest which an appellant has in the estate has been adversely affected. The concept of aggrievement depends only on the existence of a cause of action upon which a party may rest his plea for relief.
Id. (citations omitted). The cases set forth a two-prong test for aggrievement:
 A person who seeks to appeal from an order of the Probate Court must set forth in his motion for appeal (1) the interest of the appellant in the subject matter of the decree or order appealed from or in the estate; see General Statutes [sec.] 45-293 [now sec. 45a-191]; and (2) the adverse effect of the decree or order on that interest.
Merrimac Associates, supra, 516. See also Hartford Kosher Caterers, Inc. v. Gazda, 165 Conn. 478, 482, 338 A.2d 497
(1973). The interest of the appellant in the subject matter of the decree or order appealed from must be a direct interest. Merrimac Associates, supra, 516-17. A mere conclusory assertion that the appellant is aggrieved is insufficient. Lenge v. CT Page 9043 Goldfarb, 169 Conn. 218, 221, 363 A.2d 110 (1975).
To determine if the appellant in the present appeal is aggrieved, the court must consider (1) whether the appellant's interest as a creditor of the decedent is a legally protected interest in the decedent's estate, and (2) if so, whether the decree of insolvency has a sufficiently adverse impact on appellant's interest. See Baskin's Appeal, supra, 638; Hartford Kosher Caterers, supra, 482 ; Helen Kuchma Foster v. Estate of Mary Kuchma, 1 Conn. L. Rptr. 180, 182 (January 12, 1990, Fuller, J.). While the appellant meets the first prong of the aggrievement test, it does not meet the second prong.
The appellant alleges in paragraph "1" of its appeal that it is a creditor of the deceased. A creditor of a deceased person has a pecuniary interest in the estate of that person. Merrimac Associates, supra, 518. This interest is protected by law. See, e.g., General Statutes section 45a-353 et seq. Even though it is clear that the appellant has an interest in the estate herein, it has failed to show how the decree of insolvency has directly and adversely affected this interest. Its motion for appeal asserts merely that the probate court declared the estate herein insolvent and that he is thereby aggrieved. No reasons of appeal were filed, as required by Practice Book section 194, which might shed light on how the appellant is aggrieved.
In its memorandum of law in opposition to the motion to dismiss, the appellant argues that an insolvent estate by definition does not have sufficient assets to pay its creditors and that consequently a determination by the probate court that an estate is insolvent harms the appellant "because there is then the strong possibility that he will not be reimbursed in full. . . ." Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss, p. 3. The assets in an estate are fixed and the denomination of the estate as solvent or insolvent has no effect on the monies available for payment to creditors. Further, the order of priority of payment of claims, expenses and taxes is identical for both solvent and insolvent estates. General Statutes sec. 45a-365 and 45a-380 (b).[2] Under the statutory scheme set forth in those sections, general creditors are paid pro rata after all other allowable expenses, taxes and preferred claims are paid. The pro rata payment each general creditor receives will assumably depend on the assets available and the total of the expenses, taxes and claims tendered. The denomination of an estate as insolvent has no bearing on the payment a creditor will receive. And unless the decision under attack resulted in any adverse consequences, then aggrievement cannot be found. Lenge v. Goldfarb, supra, 221. CT Page 9044
The label put on an estate may direct or guide the parties to certain sections of chapter 802b (see e.g. 45a-381) but in the absence of any specific allegations, how these distinctions could cause aggrievement can only be guessed. Therefore, until such time as the appellant sufficiently pleads its cause, this court cannot ascertain whether the jurisdictional requirement of aggrievement can be satisfied.
Therefore, the motion to dismiss is denied, without prejudice. In accordance with the appellant's own recognition of the deficiencies in its pleading, this court strikes the complaint.
KATZ, JUDGE.