[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
This is an appeal by the plaintiff from an order of the Probate Court for this district of North Stonington denying an application for hearing and to review and decide rejected claim with reference to a claim made by the plaintiff against the estate of Donald A. Clark.
The complaint alleges the following facts. On July 2, 1991, the plaintiff submitted to defendant Norman R. Clark, executor of the estate of Donald A. Clark, a claim for $50,000.00 for services rendered to the decedent.
On November 8, 1991, the defendant disallowed the plaintiff's claim. On December 5, 1991, the plaintiff filed an application with the Probate Court for a hearing to review the rejected claim. On December 10, 1991, the Probate Court denied the plaintiff's application. On April 8, 1992, pursuant to General Statutes Section 45a-364(c), the plaintiff served a complaint on the defendant and the Probate Court, appealing the Probate Court's ruling to this court.
Defendant Norman R. Clark has moved to dismiss the plaintiff's complaint on the basis that section 45a-364(c) bars as a matter of law the assertion or recovery on a suit of this nature which is commenced more than 120 days from and including the date of the denial of the plaintiff's application to the Probate Court.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687 (1985). Statutory time limitations and notice requirements are jurisdictional. Lampasona v. Jacobs, 209 Conn. 724, 729
(1989). CT Page 6960
Section 45a-364(c) states, in part, with reference to appeals from claims rejected by a probate court:
 If the application to receive and decide such claim by the court. . .is denied, the claimant shall commence suit within one hundred and twenty days from and including the date of the denial of his application or be barred from asserting or recovering on such claim from the fiduciary, the estate of the decedent or any creditor or beneficiary of the estate.
The defendant claims that under section 45a-364(c), the calculation of the 120 days to commence suit includes the date of the denial and that the period for the plaintiff to commence suit expired prior to April 8, 1992. In opposing this motion the plaintiff argues that the date of denial should not be counted in calculating the 120 day period, thereby making the complaint timely.
The Superior Court may only act upon an appeal from probate as allowed by statute and a failure to adhere to those statutory requirements renders the Superior Court without jurisdiction. Exchange Buffet Corporation v. Rogers,139 Conn. 374, 376 (1952). Statutory time limitations limiting the time for taking appeals from probate act as a statute of limitations and late filing renders a probate appeal voidable. See Phinney v. Rosgen, 162 Conn. 36, 41
(1971).
Statutes are to be applied as their words direct. If the statutory language is clear and ambiguous, there is no room for construction. River Dock Pile, Inc. v. O G Industries, Inc., 219 Conn. 787, 805 (1991).
Under the language of section 45a-364(c), the date of denial must be included in the calculation of the 120 day period for the commencement of suit. A section 45a-364(c) complaint filed after the 120 days has passed is voidable and must be dismissed if the defendant properly objects.
In this instance, the Probate Court denied the plaintiff's application for hearing and review on December 10, 1991. Under section 45a-364(c), the plaintiff had until April 7, 1992, to commence suit. The plaintiff's suit was not commenced until April 8, 1992, and, thus, is voidable and the defendant has moved to dismiss the suit. CT Page 6961
For the foregoing reasons, the defendant's motion is granted and the plaintiff's complaint is dismissed.
Hendel, J.