[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This motion raises the question whether an appeal from Probate, which must be taken within thirty days from any order or decree of a Probate Court, is invalid when the thirtieth day falls on a legal holiday and the appeal is taken the following day. CT Page 7199
The material facts are not disputed. The decedent left a holographic will leaving all his assets to the appellant, Norater T. West. The appellee, Patricia Dzamko, successfully challenged the will on the ground that the decedent lacked testamentary capacity when he signed the will. The order of the Danbury Probate Court was entered on January 13, 1992. Section 45a-187 of the General Statutes (formerly section 45-289) provides that a probate appeal must be taken by persons who have legal notice of the proceedings "within thirty days" of the order of the Probate Court. The thirtieth and last day for taking an appeal was February 12, 1992. February 12 is Lincoln's birthday which is a designated holiday in this state. See section 1-4 of the General Statutes. The Danbury Probate court was closed on February 12, and the next day the appellant presented a motion for appeal from probate and a decree allowing the appeal to the probate judge, who refused to allow it because it was not filed within thirty days of the order. Despite the refusal to allow the appeal, the appellant still filed it with this court. The appellee then filed a motion to dismiss because the appeal was not taken within thirty days as required by section 45a-187.
"The right to appeal from a decision of the Probate Court is purely statutory and the rights fixed by statute for taking and prosecuting the appeal must be met." State v. Goggin,208 Conn. 606, 615; Exchange Buffet Corporation v. Rogers,139 Conn. 374, 376. The late filing of a probate appeal makes the appeal voidable but not void. Phinney v. Rosgen, 162 Conn. 36,41; Heiser v. Morgan Guaranty Trust Co., 150 Conn. 563, 567. A motion to dismiss can be used to challenge an appeal if it was not taken on time. Fuller v. Marvin, 107 Conn. 354, 357, 359. Whether an appeal was taken within the statutory time limit is a question of fact. Denslow v. Moore, 2 Day 12, 21 (1805).
As previously noted, he thirtieth and final day for filing the appeal was on a holiday. The appellant presented the appeal papers the next cay. The parties have not located any case involving a probate appeal where the last day for filing it occurred on a Sunday or holiday. There is no reason not to apply the same rules as govern other administrative appeals and civil actions. As stated in Lamberti v. Stamford,131 Conn. 396, 399, 400:
 "The legislature has designated certain days as legal holidays without stipulating in any general way what is the effect intended. . . It must have intended to attach to those days the significance generally accorded a holiday in the civil law, that is, it is a day on which the ordinary occupations are suspended, a day of CT Page 7200 exemption or cessation from work, a day of religious observance or of recreation or amusement . . . When the legislature provides a time within which an act must be done, and the last day of the period allowed is a holiday, it becomes necessary to determine, as between the intent of the legislature expressed in that statute, and in the statute designating certain days as holidays, which shall prevail. . . Certainly when the legislature declares a day to be a holiday, it means at least to free public officers from the obligation of keeping open their offices or attending to their duties on that day, and it might well be that on such a day the officer or officers of a municipality to whom, under the statute, notice must be given would be out of town and far away . . . Practically, where the last day of the period falls on a holiday, not to permit the notice to be filed on the succeeding day would be to cut down the time permitted for giving the notice . . . We cannot believe that the legislature had such an intention." (Citations and some material omitted.)
In Norwich Land Co. v. Public Utilities Commission,170 Conn. 1, 9, it was held that when the thirtieth day for filing an administrative appeal was on a Sunday that service on the next day complied with a statute which required the appeal to be taken within thirty days after the filing of the agency's order. Relying on Lamberti v. Stamford, supra, and other cases, the court stated that if the last day for performance of certain acts falls on Sunday or a legal holiday, the doing of that act on the following day is timely, and that it is unrealistic to require a plaintiff to locate the proper official when the public office is closed and the official may be out of town or otherwise occupied. This follows the general rule in other jurisdictions. See 74 Am.Jur.2d 601, Time, Sec. 17; 73 Am.Jur.2d 863, Sundays and Holidays, Sec. 106. See also section 51-347c of the General Statutes and section 405 of the Connecticut Practice Book which provide that if the last day for filing any matter in the clerk's office of the Superior Court falls on a day in which the office is closed, the last day for filing is the next business day when the office is open. There is no statute concerning the Probate Court, but by analogy the same concept would apply. The papers for the appeal in this case were properly filed on February 13, and the probate judge should have allowed the appeal.
The right to appeal cannot be defeated by an act or CT Page 7201 omission of the Probate Court. George v. St. Ann's Church,182 Conn. 322, 324; Kron v. Thelen, 178 Conn. 189, 196; Donovan's Appeal from Probate, 40 Conn. 154, 156. "An appeal from a Probate court to the Superior Court is not an ordinary civil action." Kerin v. Stangle, 209 Conn. 260, 263. When considering an appeal from an order or decree of the Probate Court, the Superior Court takes the place of and sits as the Court of Probate. Id., 264; Satti v. Rago, 186 Conn. 360, 365. The Superior court exercises the same power of judgment which the Probate Court has, but is not limited by the result reached in the Probate Court. Kerin v. Stangle, supra, 264; Prince v. Sheffield, 158 Conn. 286, 298. The Probate court had jurisdiction to allow the appeal when it was filed, so this court also has jurisdiction to entertain it. Moreover, as previously stated, the failure to file the appeal within the thirty day time limit makes the appeal voidable and not void, Phinney v. Rosgen, supra, 41, so this court does not lack subject matter jurisdiction over the appeal. Since the application for the appeal was properly before the Probate Court, it is also properly before this court.
The practice of allowing probate appeals has long existed in this state, but Probate Court judges do not have discretionary authority to refuse to allow review by a higher court. Haylett v. Commission on Human Rights Opportunities,207 Conn. 547, 550. The defendant claims that the appellant's proper remedy is not this appeal but rather a mandamus action. Where a Probate Court improperly denies a motion to appeal from one of its decrees, the allowance of an appeal may be compelled by mandamus. VanBuskirk v. Knierim, 169 Conn. 382, 387; Williams v. Cleaveland, 76 Conn. 426, 430. A party cannot appeal directly from a refusal to allow an appeal but is limited to a writ of mandamus to compel the Probate Court to allow the appeal. Id., 430; Orcutt's Appeal from Probate,61 Conn. 378, 382, 383; Elderkin's Appeal from Probate, 49 Conn. 69,71. See also Haylett v. Commission on Human Rights Opportunities, supra, 550.
As stated in Elderkin's Appeal, supra, 70, 71, the appeal is the proper route to question all matters affecting rights of the appellant heard and determined in the Probate Court, but questions involved in motions for the appeal itself are not subject to appeal but require the more direct and satisfactory remedy of a writ of mandamus.
If the party requesting mandamus had standing to take the appeal and presented it within the time limited by law, requested the allowance of the appeal to the Superior Court and gave the proper bond, the allowance of the appeal may be compelled by mandamus. Williams v. Cleaveland, supra, 430. CT Page 7202 The Superior Court in an appeal from probate has limited jurisdiction. A writ of mandamus is required because a decision on whether an appeal should be allowed is beyond the court's jurisdiction in an appeal where as here the Probate Court refused to allow the appeal at all, as opposed to allowing a late appeal.
The motion to dismiss is granted.
ROBERT A. FULLER, JUDGE.