[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The present probate appeal arises from a custody dispute over the minor children of the plaintiff, Leonard Paiva, Sr. The CT Page 3928 plaintiff appeals the decree of the Probate Court denying him reinstatement as guardian of his minor children, Leonard M. Paiva, Jr., and Daniel A. Paiva. On April 3, 1997, the plaintiff brought an application to remove Maria Paiva as the guardian of the children. The probate court, Lawlor, J., denied the motion following a hearing on October 2, 1997. The court sent notice of the order to the parties on October 29, 1997.
The plaintiff's motion to appeal from probate is dated November 18, 1997, and bears a December 12, 1997 file stamp. On December 23, 1997, the Probate Court granted the plaintiff's motion for appeal from probate. The court, Lawlor, J., stated "[t] he court grants this motion notwithstanding the untimeliness of its filing. The approval should not be construed a waiver of the limitations and requirements set forth in Connecticut General Statutes § 45a-186 and § 45a-187."
The plaintiff moved to default Maria Paiva and Ana Vega on March 17, 1998, for failure to appear pursuant to Practice Book § 17-20. The clerk granted the plaintiff's motion to default on March 20, 1998. Default judgment has not been entered against Maria Paiva or Ana Vega.[1] On February 19, 1999, the present probate appeal was dismissed for dormancy pursuant to Practice Book § 14-3. The court, Kocay, J., granted the plaintiff's motion to open dismissal and reinstated this case on the docket on November 9, 1999.
On December 13, 1999, Maria Paiva, through counsel, timely filed an appearance and the present motion to dismiss on the ground that the plaintiff filed his probate appeal beyond the thirty day period prescribed by General Statutes § 45a-187(a) The plaintiff has not filed an objection to the motion to dismiss.
"The right to appeal from a decree of the Probate Court is purely statutory and the rights fixed by statute for taking and prosecuting the appeal must be met." State v. Goggin,208 Conn. 606, 615, 546 A.2d 250 (1988). General Statutes § 45a-187(a) limits the time of taking an appeal from the Probate Court, providing in relevant part that "[a]n appeal under section45a-186 by those of the age of majority and who are present or who have legal notice to be present, or who have been given notice of their right to request a hearing or have filed a written waiver of their right to a hearing, shall be taken within thirty days." The statutory appeal period commences when the CT Page 3929 Probate Court gives notice of its decree. See Kron v. Thelin,178 Conn. 189, 197 n. 3, 423 A.2d 857 (1979) ("the sending of notice by the court is what the statute, as we construe it, and due process require"). "The effect of a failure to file an appeal on time is to make the appeal voidable but not void." Heiserv. Morgan Guaranty Trust Co., 150 Conn. 563, 566,192 A.2d 44 (1963); see also VanBuskirk v. Knierim, 169 Conn. 382, 387,362 A.2d 1334 (1975); Phinney v. Rosgen, 162 Conn. 36, 41,291 A.2d 218 (1971); Fuller v. Marvin, 107 Conn. 354, 357,140 A. 731 (1928) The proper vehicle to challenge an untimely appeal from probate is a motion to dismiss. See, e.g., Xavier Societyv. McManus, 185 Conn. 25, 29, 440 A.2d 807 (1981); Phinneyv. Rosgen, supra, 41; Greg C.'s Appeal From Probate,56 Conn. App. 439, __ A.2d __ (2000). Thus, if a timely motion to dismiss is filed, the court must dismiss the appeal. See Phinney v.Rosgen, supra, 42; Fuller v. Marvin, supra, 357.
Maria Paiva argues that the present probate appeal should be dismissed because it was not timely filed pursuant to General Statutes § 45a-187(a). Specifically, she argues that the Probate Court rendered its decision on October 2, 1997, and provided notice to the parties on October 29, 1997. Maria Paiva argues that the appeal is not timely because the plaintiff filed his appeal on December 12, 1997.
Although the plaintiff has not filed an objection to the present motion to dismiss, the record contains the affidavit of the plaintiff's attorney, Julia T. Bradley, filed on December 14, 1999. Bradley argues in her affidavit that she believes the appeal was timely filed based on delays in obtaining a fee waiver and delay in the mail service.
The affidavit states the following: "November 26th was the day before Thanksgiving and the clerk's office was closed for the lunch break. Undersigned considered coming back later to hand deliver the papers and make sure they were date-stamped, but finally decided to drop them in the filing box in the lobby . . . After Thanksgiving, the Superior Court, Doherty, J., granted the waiver of fees (12/4/97) and, with more delay in the mail, the Motion to Appeal was delivered to the Probate Court on December 12, 1997. In retrospect, it is clear that the better way to comply with the 30-day appeal period is to file first with the Probate Court and leave the waiver of fees until later.
Despite Bradley's reasons for failing to file the probate CT Page 3930 appeal timely, the thirty-day filing requirement must be met. See General Statutes § 45a-187(a); State v. Goggin, supra,208 Conn. 615. The present appeal is voidable because it was filed more than thirty days after the Probate Court gave notice of its order and decree. See Heiser v. Morgan Guaranty Trust Co., supra,150 Conn. 197. Under the holdings of Phinney v. Rosgen, supra,162 Conn. 41, and Fuller v. Marvin, supra, 107 Conn. 357, the present appeal must be dismissed because Maria Paiva timely filed the present motion to dismiss on the ground that the appeal was not filed within the time limitation of General Statutes §45a-187(a). Accordingly, the court grants Maria Paiva's motion to dismiss.
The court notes that the parties entered into a stipulated agreement dated December 13, 1999. That order is moot.
SANDRA VILARDI LEHENY, J.