[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS APPEAL FROM PROBATE #110 AND #119 MOTION TO QUASH #108, #109 AND #122 OBJECTION TO MOTION TO QUASH #112 AND #113 OBJECTION TO AMENDED APPEAL #118
Presently before the court is Christine Curtiss' motion to dismiss an appeal from probate. Curtiss is the court appointed attorney for Alethea Engel, an incapable adult.
On July 23, 2002, the Shelton Probate Court issued a decree removing Robert Zuckerman as Engel's plenary guardian. Zuckerman filed an appeal of that decree on October 8, 2002, claiming, inter alia, that the probate court's findings of fact were erroneous and that the court violated the due process rights of both Zuckerman and Engel by subsequently appointing a new plenary guardian.
On October 31, 2002, Curtiss filed a motion to dismiss the appeal on the ground that the appeal was not taken within thirty days as required by General Statutes § 45a-187. In support of her motion, Curtiss has attached various documents pertaining to the probate court proceedings. Zuckerman filed a memorandum of law in opposition to the motion to dismiss on November 29, 2002.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court."Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "The proper vehicle to challenge an untimely appeal from probate is a motion to dismiss." Fischer v. Estate of Mansi, Superior Court, judicial district of New Haven, Docket No. 404153 (January 6, 1998, Fracasse, J.) (21 Conn.L.Rptr. 289).
In support of her motion to dismiss, Curtiss argues that the appeal should be dismissed because Zuckerman did not file his appeal within the thirty-day period required by § 45a-187 thereby depriving this court CT Page 3220 of jurisdiction. Zuckerman, however, counters that the appeal was indeed filed in a timely manner.
"The right to appeal from a decree of the Probate Court is purely statutory and the rights fixed by statute for taking and prosecuting the appeal must be met." State v. Goggin, 208 Conn. 606, 615, 546 A.2d 250
(1998). General Statutes § 45a-187 (a) limits the time of taking an appeal from probate, providing in relevant part: "An appeal under section 45a-186 by those of the age of majority and who are present or who have legal notice to be present, or who have been given notice of their right to request a hearing or have filed a written waiver of their right to a hearing, shall be taken within thirty days." Although § 45a-187 (a) requires that an appeal from probate be filed within thirty days, that limitation "is subject to the implied requirement that the court give notice of its decree before the thirty-day appeal period becomes operative." Kron v. Thelen, 178 Conn. 189, 197, 423 A.2d 857 (1979). "The effect of a failure to file an appeal on time is to make the appeal voidable but not void." Heiser v. Morgan Guaranty Trust Co., 150 Conn. 563,566, 192 A.2d 44 (1963). However, when an appeal is voidable, the court must grant a timely motion to dismiss. See Id., 567.
The court finds that the present appeal should be dismissed. The decree was entered and notice sent on July 23, 2002. Zuckerman, however, did not file an appeal until October 8, 2002 thereby rendering the appeal voidable. Curtiss responded by timely filing a motion to dismiss on October 31, 2002.
For the foregoing reasons, the court grants Curtiss' motion to dismiss.[1]
 The Court By Moran, J.