JOSEPH BAILEY AND OTHERS *vs.* CHARLES L. WHITMAN, JUDGE OF PROBATE.

The statute (Gen. Statutes, tit. 18, ch. 11, sec. 15,) provides that when any person shall be aggrieved by the allowance or disallowance of any claim by commissioners on an insolvent estate, he may, within twenty-one days after the report of the commissioners is accepted by the probate court, appeal to the next Superior Court.   Held—

1. That as the court has the power for cause to reject the entire report, the acceptance of the report intended by the statute is a formal acceptance, and not its mere reception on its being returned by the commissioners.

2. That such an acceptance is complete and operative although no record or entry of it is made at the time.

A report of commissioners was returned to the court of probate on the 9th of August, and was in fact accepted by the court on that day, but no entry was made at the time except a memorandum on the back of the report that it was received on that day.   It was then laid with papers that were ready for the clerk of the court to record.   On the 4th of September it was discovered that no minute of acceptance had been made, and the judge then added to the former memorandum "and accepted."   Held that the report was to be taken as accepted on the 9th of August and not on the 4th of September.

APPLICATION for a mandamus; brought to the Superior Court in Hartford County, and heard upon the complaint and answer before *Hovey, J.*   Facts found, and peremptory mandamus issued.   Motion in error by defendant.   The case is fully stated in the opinion.

*G.· G. Sill* and *T. E. Steele,* for the plaintiff in error.

*L. E. Stanton* and *N. E. Pierce,* for the defendants in error.

LOOMIS, J.   This is a complaint for a mandamus in favor of certain heirs of William H. Smith, deceased, whose estate is in process of settlement in the court of probate for the district of Farmington, to compel the defendant as judge of that court to allow an appeal from the doings of commissioners allowing certain claims against the estate.

The plaintiffs made their motion for an appeal on the 13th of September, 1880, which the defendant as judge refused to allow, upon the ground that the report of the commissioners had been returned into court on the 9th day of August, 1880. It was in fact accepted on that day, but the only entry made at the time was a memorandum on the back that it was received on that day. It was then placed in a drawer for the clerk to record, where it was customary to put papers intended and ready to be recorded. On the 4th of September it was discovered that no minute of acceptance had been made, and upon that discovery the words "and accepted" were added to the previous memorandum; and the judge of probate testified at the hearing in the court below that the report was in fact accepted by him on the 9th day of August, 1880, the day he received it.

If the report was accepted on the 4th of September the plaintiffs moved for an appeal within the twenty-one days allowed for that purpose by Gen. Statutes, p. 390, sec. 15, and the refusal was a violation of their rights. But if the claim of the defendant is true that the report was accepted on the 9th of August, 1880, then the refusal was right and the complaint for a mandamus should have been dismissed. So that the controlling question upon the merits is, when the report was in contemplation of law accepted.

But there are two preliminary questions which ought to be first determined. One is raised by the defendant, and involves a construction of the statute prescribing the time within which the appeal must be taken. The other is raised by the plaintiffs, and involves a construction of the finding relative to the time of the acceptance of the report.

The defendant contends that the term "accepted," as used in the Revision of 1875, p. 390, sec. 15, means the same as the expression "returned into court," used in the Revision of 1866, p. 440, sec. 145, upon the ground that there were no evils under the former law to be remedied and no substantial reasons for making any change, and hence the presumption is that no change was intended; also that section 16, immediately following, still uses the word

"returned" in computing the time within which certain creditors must be notified of the disallowance of their claims by the commissioners.

Ordinarily the time of acceptance will be on the same day that the report is returned into court, because the court of probate has no power to revise the doings of the commissioners with reference to any particular claims allowed or disallowed by them. But it has power for cause shown to reject the entire report. *Peck* v. *Sturges*, 11 Conn., 420. It is possible that there may be such misconduct and illegality in the action of the commissioners as to make it incumbent on the court of probate to order a hearing on the question of accepting the report. An interval between the return and the acceptance of the report is indispensable for that purpose. There is therefore some ground for distinguishing between the two things, and there is a purpose and scope for the change in the starting point for the computation of the twenty-one days. And besides, the return of the report refers properly to the action of the commissioners, while the acceptance of it refers to the action of the court in relation to it. The expressions therefore in the present and former acts are not equivalent in meaning, and we accept the plaintiffs' construction of the act as the one most reasonable.

But the plaintiffs claim that the court has found as matter of fact that the acceptance of the report was on the 4th of September, and not on the 9th of August, and that such finding is conclusive. If the premises are right we must accept the conclusion.

There is some color for this claim arising from the fact that the court, in issuing the peremptory writ of mandamus, recited and found true the allegations in the complaint, one of which was that the report was accepted September 4th, 1880. There is however a special finding which we think qualifies the general one and shows that the latter was only intended as the legal result of the facts specially found. The special finding is not as clear as it might have been. The court finds in detail the facts as to the return of the

report, the memorandum made on the back, the deposit of the paper in the drawer, the subsequent amendment or addition to the memorandum, and the fact that the judge of probate testified before the Superior Court on the trial that the report was in fact accepted by him on the 9th of August. In construing the finding we cannot suppose it was the intention to make part of the record what the judge of probate testified as to his having in fact accepted the report on the same day that it was returned, and at the same time to find his statement false ; but on the other hand we construe the finding as intended to present the question whether an acceptance of the report in fact, could, without any record or memorandum of it at the time, be an acceptance in law. And this has been the main question discussed on both sides.

We think the court was wrong in assuming that the date of acceptance was identical with the date when a record or memorandum of the fact first appeared. Positive law might adopt such an assumption, but in the nature of things it cannot be true, for a fact or event must ante-date the record of it. It is true that in order to prove the fact or its date a record may become necessary, but the record when completed will speak—not of its own date, that being immaterial, but only of the fact and the date of that.

In all courts there are intervals, more or less protracted, when the orders or judgments exist without the accompanying record. Usually some memorandum at least is made soon after, but if by inadvertence it is omitted and afterwards the day of the order or judgment becomes material, it must take effect from the day it was made.

Suppose it becomes a material question whether a statute of limitations has run against a judgment rendered by a justice of the peace, and upon inquiry it appears that for two months no record or entry was made of the fact, and the question of outlawry should depend on that interval, would the two months be excluded from the computation? It seems to me that no one would make such a claim.

A due regard to the rights of the public would undoubt-

edly require that some memorandum be made as soon as may be after the transaction, as the unaided memory is too treacherous to be made a repository of important facts; but still we have to put our trust in the fidelity, accuracy and honesty of the officer whose duty it is to make the record, and the verity of his record, when completed, cannot be successfully impeached by mere delay in making it.

In this case the brief memorandum for the guidance of the clerk in recording was amended as soon as the omission was discovered. The judge in making the correction acted on his official oath and responsibility. On the trial in the court below he testified to the fact that he actually accepted the report on the 9th of August, and the place where the report was deposited indicated that all probate action in regard to it except the recording had been completed. We do not think the plaintiffs by the omission were deprived of any rights or in fact prejudiced. While the papers were waiting to be formally recorded it would have been easy and natural for them to make inquiry of the judge or the clerk if they desired to ascertain the facts.

As the view we have taken must result in the dismissal of the complaint, it is not necessary or important to consider any of the other questions that the record presents.

There was manifest error in the judgment complained of and it is reversed.

In this opinion the other judges concurred.