## Dorothy VanBuskirk *v.* Glenn E. Knierim

House, C. J., Loiselle, MacDonald, Bogdanski and Longo, Js.

Argued June 4—decision released August 19, 1975

*Paul M. Palten,* for the appellant (plaintiff).

*Igor I. Sikorsky, Jr.,* for the appellee (defendant).

House, C. J. The parties to this appeal stipulated to the facts upon which the Superior Court in Hartford County rendered the judgment from which the appeal was taken. That stipulation, together with the court's finding, discloses the following factual situation: On April 29, 1972, Francis H. Whitmore, a resident within the probate district of Simsbury, died testate. The plaintiff, sister and sole heir-at-law of the decedent and a resident of New Hampshire, on May 22, 1972, signed a general waiver of notice of hearing for the admission to probate of the will and codicil of the decedent. The waiver was subscribed and sworn to before a notary public in New Hampshire and states that the plaintiff had examined the application for probate. Thereafter, on June 5, 1972, an application for the probate of the will and codicil, together with the plaintiff's waiver of notice of hearing, was filed in the Probate Court for the district of Simsbury by the decedent's stepdaughter who was named as executrix in the codicil. On June 8, 1972, the defendant, as judge of the Probate Court, rendered a decree admitting to probate the will and codicil. The decree recited that all persons known to be interested in the proceedings had signed and filed in court a written waiver of notice of hearing on the application. The time for taking an appeal from the decree by a person who had legal notice to be present is limited to thirty days. General Statutes § 45-289. The plaintiff subsequently learned, through independent inquiry, of the existence of the decedent's will and codicil; of the orders and decrees of the Probate Court; and that the estate was inventoried at $537,041.63; and also that she was not a named beneficiary therein. The will had been executed on November 3, 1964, and the codicil on January 3, 1972.

On March 14, 1973, the plaintiff filed in the Simsbury Probate Court a motion to appeal to the Superior Court from the June 8, 1972 orders and decrees of the defendant. The motion was argued on April 11, 1973, and the defendant denied it on May 7, 1973, on the ground that it was not timely filed. The plaintiff thereupon brought the present action in mandamus, seeking an order from the Superior Court directing the defendant to grant her motion for an appeal to that court. From the judgment denying her prayer for a writ of mandamus, the plaintiff takes the present appeal to this court.

It is the plaintiff's contention that although she did not file her appeal within thirty days after the issuance of the decree admitting to probate the will and codicil, her appeal is nevertheless timely under the provisions of § 45-291 of the General Statutes. This section in its relevant part provides that all appeals by persons not inhabitants of this state who were not present at the time of the making of a probate decree and who did not have legal notice to be present shall be taken within twelve months thereafter. The plaintiff argues that since she is a nonresident and was not present at and had no legal notice of the proceeding, she had one year in which to appeal. Precisely the same claim was advanced and decided adversely to the plaintiff's contention in *Phinney* v. *Rosgen,* 162 Conn. 36, 40, 291 A.2d 218. As this court there observed: "While §§ 45-289 and 45-291 speak only in terms of notice and not notice or written waiver, we hold that if a written waiver of notice is filed, the notice requirement of §§ 45-289 and 45-291 is satisfied. Section 45-167 clearly indicates that a Probate Court may admit a will after notice. The section,

however, also authorizes the admission of a will on a written waiver of notice signed by all interested parties. To construe §§ 45-289 and 45-291 as allowing the plaintiff twelve months in which to appeal when she had signed a written waiver of notice, in lieu of notice, completely ignores the effect of § 45-167. Such a construction would . . . have the effect of eliminating the waiver of notice, provided for by § 45-167, as the alternative to legal notice. It would have the further effect of allowing anyone who had legal notice only thirty days in which to appeal, whereas one waiving notice would have twelve months. Such results could not have been intended by the legislature." " ' "Our legislation has always favored the speedy settlement of estates, and to that end has carefully limited the time within which such appeals [from probate] must be taken." *Delehanty* v. *Pitkin,* 76 Conn. 412, 419, 56 A. 881, appeal dismissed, 199 U.S. 602, 26 S. Ct. 748, 50 L. Ed. 328.' *Heïser* v. *Morgan Guaranty Trust Co.,* 150 Conn. 563, 565, 192 A.2d 44." *Robinson* v. *Guman,* 163 Conn. 439, 444, 311 A.2d 57.

The plaintiff also relies upon the decisions of this court which have defined "waiver" as the "voluntary relinquishment of a known right." See *Phinney* v. *Rosgen,* supra, 38, and cases therein cited. She then argues that the "known right" to be waived was not in existence on the date she signed the waiver form because the application to the Probate Court had not yet been filed and because she then had no knowledge of the will and codicil or their contents. It is clear, however, that the "known right" which the waiver relinquished was legal notice, "thereby escalating written waiver to the equivalency of legal notice. . . . In

2 Locke & Kohn, Conn. Probate Practice § 273, p. 62, it is stated that '[m]ost courts . . . have adopted the practice of not assigning a time and place for formal hearing upon such applications where notice of hearing is waived.' " *Phinney* v. *Rosgen,* supra, 39.

The fact that the waiver executed by the plaintiff did not contain a date in the blank space entitled "Date of Application" for admission of the decedent's will to probate is of no aid to the plaintiff for it was legal notice of the very same admission-hearing that the plaintiff waived. It would be a manifest absurdity where the statute provides for waiver of notice to hold that the waiver was invalid because notice of the date of application for the waived hearing was not given.

The plaintiff further contends that the Probate Court had no discretion to deny her motion to appeal from its decree. She argues that § 45-288[1] of the General Statutes provides an absolute right of appeal from the decree of the Probate Court. However, as the authorities cited by the plaintiff fully recognize, the right to appeal provided by § 45-288 is limited by certain conditions, including the status of an aggrieved party, the posting of a proper bond and the filing of a motion to appeal within the time now provided by §§ 45-288, 45-289 and 45-291 of the General Statutes. *Phinney* v. *Rosgen,* supra, 41; *Fuller* v. *Marvin,* 107 Conn. 354, 356–58, 140 A. 731; *Williams* v. *Cleaveland,* 76 Conn. 426, 430, 56 A. 850; *Orcutt's*

---

[1] "[General Statutes] Sec. 45-288. APPEALS FROM PROBATE. Any person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the superior court for the county where such court of probate is held, but he shall give bond, with sufficient surety to the state, to prosecute such appeal to effect."

*Appeal,* 61 Conn. 378, 382–83, 24 A. 276. Although, as those cases indicate, the failure to post a proper bond or act within the time limitations are irregularities which render an allowed appeal voidable by the Superior Court, we are concerned in the present case only with the discretionary power of the Probate Court to allow or disallow a late appeal. These same cases have consistently recognized that the Probate Court does have that discretion. As long ago as *Bailey* v. *Whitman,* 49 Conn. 79, this court dismissed an application for a mandamus where the Probate Court refused to allow an appeal filed beyond the governing statutory period of twenty-one days.

The language in *Orcutt's Appeal,* supra, 384, that the time limitation for appeals "was intended primarily and principally to limit the right of the appellant and to protect the rights of the appellee, and not to limit directly and absolutely the power of the probate court to allow an appeal after the time has passed" can only mean that the Probate Court has the discretion and power to allow an appeal after the expiration of the time limitation but is not required to do so. See 1 Locke & Kohn, Conn. Probate Practice § 198.

It is true that where a court of probate has improperly denied a motion to appeal from one of its decrees, as where it appears that a party aggrieved by a decree of the court has within the time limited by law requested the allowance of an appeal to the proper court from such an order, the allowance of such appeal may be compelled by mandamus. *Williams* v. *Cleaveland,* supra; *Elderkin's Appeal,* 49 Conn. 69, 71. Mandamus is available, however, only to one who has a complete and immediate right to enforce the discharge of a duty

by a public official or public agency. Where, as here, the official or agency is authorized to exercise a discretionary power, mandamus does not lie. *Ballas* v. *Woodin,* 155 Conn. 283, 284, 231 A.2d 273; *State ex rel. Scala* v. *Airport Commission,* 154 Conn. 168, 176, 224 A.2d 236; *Sharkiewicz* v. *Smith,* 142 Conn. 410, 413, 114 A.2d 691. The plaintiff mistakenly relies on *Coughlan* v. *Murphy,* 134 Conn. 601, 606, 59 A.2d 729, and *Taylor* v. *Gillette,* 52 Conn. 216, 218, for the proposition that the allowance of an appeal from a decree admitting a will to probate is a ministerial act. Those cases clearly involved situations where all requirements for appeal were met and the Probate Court was bound to grant the action requested. Under the facts of this case, as in *Bailey* v. *Whitman,* supra, mandamus will not lie.

The plaintiff, having filed her appeal more than thirty days after the decree, now seeks in her appeal to avoid the effect of the lateness of the appeal by attacking the waiver on the grounds that it was incomplete, that it was given in ignorance of its effect, and because of alleged misrepresentations. "Her only recourse on the ground of misrepresentations would be 'by an appeal to the general equitable power of the Superior Court, which may, in proper cases, grant relief against decrees of the Probate Court procured by fraud, accident, mistake and the like.' *Haverin* v. *Welch,* [129 Conn. 309, 316, 27 A.2d 791]; *DelVecchio* v. *DelVecchio,* 146 Conn. 188, 193, 148 A.2d 554; *Miller* v. *McNamara,* 135 Conn. 489, 493, 66 A.2d 359; *Folwell* v. *Howell,* 117 Conn. 565, 568–69, 169 A. 199." *Phinney* v. *Rosgen,* 162 Conn. 36, 42, 291 A.2d 218.

There is no error.

In this opinion the other judges concurred.