DECISION ON MOTION FOR SUMMARY JUDGEMENT
The sole issue presented by this motion for summary judgement is whether the Superior Court for Juvenile Matters, Child Protection Session, has jurisdiction to hear the instant appeal from probate. Specifically at issue is whether the Accidental Failure of Suit Statute (General Statutes § 52-592), saves this appeal. The court concludes that it does not.
Facts and Procedural History
The facts are undisputed. Michael B.'s parents were removed as guardians in February 1994 by the Waterbury Probate Court and his maternal grandmother was appointed his legal guardian. The Respondent father of Michael B. subsequently made proper application to the Waterbury Probate Court to terminate his parental rights. A hearing was held after proper notice and an investigation by the Department of Children and Families was made recommending termination of the father's parental rights. The Waterbury Probate Court thereafter granted the application on the grounds of consent, in a decree dated May 24, 1994, finding by clear and convincing evidence that termination of the father's parental rights was in the child' s best interests. This was done notwithstanding the fact that Michael B. was on state assistance and would lose the court-ordered child support his father was paying.
After learning of the decision, the Assistant Attorney General for the state child support enforcement unit (who did not have notice of the original action), made a motion to the Waterbury Probate Court dated June 24, 1994 to re-open and reconsider the Termination of Parental Rights. This motion was denied in a decree dated January 24, 1995. On February 10, 1995, the state timely moved to appeal the case to the superior court.[2] This appeal was properly granted by the Waterbury Probate Court in a decree dated February 10, 1995. When all the requirements for an appeal are met, the allowance of the appeal is a ministerial act, "and the court of probate is bound to grant the motion." Probate Practice Book, ch. V, at I-43; Van Buskirkv. Knierim, 169 Conn. 382, 362 A.2d 1334 (1975). CT Page 4112-W
The time limited for taking an appeal to superior court from probate court is computed from the date of the probate court order allowing the appeal. Willard v. McKone, 155 Conn. 413,232 A.2d 322 (1967); see R. Folsom, Probate Litigation § 7.4, p. 256 (1992). In this case that date is February 10, 1995. An appeal from probate is normally taken within thirty days, but if someone was aggrieved by an order as described in General Statutes § 45a-186, and did not have notice to be present, as was the state here, the time for taking an appeal is longer. For all appeals excepting termination of parental rights cases, the time period is twelve months. For cases terminating parental rights, the time for taking an appeal is ninety days. General Statutes § 45a-187(a).
The return date on the decree allowing for this appeal was set as March 28, 1995. Service was timely made on the respondent father but the process was never returned to Waterbury Superior Court. An affidavit from the Waterbury Superior Court records clerk attests to this fact.
On June 28, 1995, the state made a new, identical motion to appeal to the Waterbury Probate Court, but did not file it with the probate court. Therefore, a new decree allowing the appeal was never issued from the probate court. Although this motion was outside the 90-day statute of limitations for appeals terminating parental rights, it is within the discretion of the probate judge to allow a late appeal. Van Buskirk v. Knierim, supra, 169 Conn. 387. Instead, the state served this new second motion to appeal, with the prior February 10, 1995 probate decree on all the parties on June 29, 1995 and returned it to the superior court with a return date of August 1, 1995. It is not disputed that this return was well beyond the 90-day statute of limitations for such actions. No reference was made in the second set of papers to the prior attempt to initiate the action nor to the accidental failure of suit statute. No evidence was offered as to why return of service was never made in the first action.
Respondent father filed a motion with the Waterbury Superior Court (family division) to dismiss this appeal, and both sides filed memoranda of law in support of their positions. Neither counsel argued the application of the accidental failure of suit statute. Counsel both addressed the statute of limitations issue. The court raised the issue of accidental failure of suit suasponte. The issue was heard before the Hon. Anne Dranginis on CT Page 4112-X September 5, 1995. Judge Dranginis denied the motion to dismiss and issued a memorandum of decision dated November 7, 1995.
This file was transferred to Middlesex Superior Court, Child Protection Session on March 26, 1996. After a judicial pre-trial in April; trial dates were set for May 28 and May 29, with any motions to be heard the first day of trial. Respondent father filed a motion for summary judgement and memorandum of law in its support and the state objected. Respondent father filed a supplemental memorandum of law and oral arguments were heard on May 28 and 29, 1996.
LAW
As stated earlier, the sole issue before this court is whether it has subject matter jurisdiction to hear this case. "Whenever a court discovers that it has no jurisdiction, it is bound to dismiss the case, without regard to previous rulings."In re Judicial Inquiry No. 85-01, 221 Conn. 625, 629,605 A.2d 545 (1992); Chzrislonk v. New York, N.H. Hartford. R.R.,101 Conn. 356, 358, 125 A. 874 (1924). After hearing oral argument, the court is convinced that it does not have jurisdiction.
The law set out in the decision on the Motion to Dismiss is thoughtful and thorough. It covers most of the issues in this nettlesome procedural dispute. It is undisputed that the state did not file its second appeal with the superior court within the applicable statute of limitations. See General Statutes §45a-187(a). Case law not previously presented to the court was raised at oral argument and upon a thorough review of it, the court finds that it is dispositive to this case, and that, in consideration of the ruling on the Motion to Dismiss, the law of the case doctrine does not apply since new material was presented to this court regarding the applicability of the accidental failure of suit statute.
The court is cognizant of the general rule that "[a] judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge. . . . Nevertheless, if the case comes before him regularly and he becomes convinced that the view of the law previously applied . . . was clearly erroneous and would work a manifest injustice if followed, he may apply his own judgement." State v.Arena, 235 Conn. 67, 80, 663 A.2d 972 (1995); Breen v. Phelps,186 Conn. 86, 99-100, 439 A.2d 1066 (1982). Further: CT Page 4112-Y
 New pleadings intended to raise again a question of law which has been already presented on the record and determined adversely to the pleader are not to be favored . . . . But a determination so made is not necessarily to be treated as an infallible guide to the court in dealing with all matters subsequently arising in the cause. . . . Where a matter has previously been ruled upon interlocutory, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance. . . . The adoption of a different view of the law by a judge in acting upon a motion for summary judgement than that of his predecessor in considering such a motion . . . is a common illustration of this principle.
Breen v. Phelps, supra, 186 Conn. 99-100 (citations omitted).
It is also a fundamental rule that a court may raise and review the issue of subject matter jurisdiction at any time. "Practice Book § 145 provides Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. . . . "[A] court lacks discretion to consider the merits of a case over which it is without jurisdiction." Lewis v. Conn. Gaming Policy Board, 224 Conn. 693,698, 620 A.2d 780 (1993) (citations omitted).
This court is persuaded that two cases, one cited by the Respondent only during oral argument, are dispositive of the issue. Both interpret the applicability of General Statutes §52-592(a), Accidental Failure of Suit, in relation to the statutes of limitation.
General Statutes § 52-592 provides in pertinent part:
 (a) If any action? commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of theCT Page 4112-Z original action. . . . (emphasis added).
In Marangio v. Shop Rite Supermarkets, Inc., 11 Conn. App. 156,159, 525 A.2d 1389 (1987), cert. denied, 204 Conn. 809
(1987), the Appellate Court succinctly stated the competing issues: The statute of limitations "places a limit upon the time parties are subject to litigation, while § 52-592(a) serves to save suits that would otherwise be barred by the statute of limitations." The court further defines the meaning of the term "original action" in § 52-592(a), since it is not defined in the statute itself, holding that "original action" "refers to the first action brought by the plaintiff. Marangio v. Shop RiteSupermarkets, Inc., supra, 160. (In that case there were several actions commenced.) Applying principles of statutory construction, the court found that a plaintiff is "authorized by the statute to `commence a new action . . . within one year after the determination of the original action. . . ." Id. (Emphasis in original).
In Pintavalle v. Valkanos, 216 Conn. 412, 413, 581 A.2d 1050
(1990), "the sole issue on appeal [was] the proper interpretation of General Statutes § 52-592." As in Marangio, the supreme court also held that "original action" means "the first action filed by the plaintiff within the period of the applicable statute of limitations." Id. at 417 (emphasis in original). Continuing, the court said, that "[a]lthough § 52-592 is a remedial statute and must be construed liberally . . . it should not be construed so liberally as to render statutes of limitation virtually meaningless." Id. (citations omitted).
Here, the first action was commenced in March by service on the respondent. An action is commenced in Connecticut when process is served on the defendant, not when the writ was returned. Broderick v. Jackman, 167 Conn. 96, 99, 355 A.2d 234
(1974); Lacasse v. Burns, 214 Conn. 464, 475, 572 A.2d 357
(1990). Thus this first action, the February 10, 1995 appeal from probate, was properly commenced within the applicable 90-day statute of limitations period. General Statutes § 45a-187
(a). There was, however, no determination of that suit since the writ was never returned to the superior court. "[I]t is the actual retum of the writ to the court which really puts the action before the court and empowers the court to proceed. . . ."Arpaia v. Carrone, 18 Conn. App. 539, 541, 559 A.2d 719 (1989). The state then attempted to resurrect the suit in June 1995 by re-serving the appeal and assigning a new return date. As the CT Page 4112-AAMarangio court stated, the "statute does not say may continue the action by bringing suit within one year,' or use any words other than those which contemplate an end to the original action and the commencement of a new action within one year of the end of the original action." Marangio v. Shop Rite Supermarkets, Inc.,
supra, 11 Conn. App. 160 (emphasis added).
Although Broderick v. Jackman, supra, 160 Conn. 96, supports the state's position, in that the action was commenced within the 90-day statute of limitations, it also states that § 52-592
"[b]y its very terms . . . expressly gives the plaintiff the right to bring another action within a year if the prior action was erased for want of jurisdiction." Id. at 99. Again, a second action is allowed after a prior action has been disposed of by the court.
Because the writ for the first appeal in this case was never returned to the superior court in March, either late, as it was in Broderick, or within the proper return date, the court could not act on it, and it therefore cannot be said that there was an end to this first action, as described in Marangio. Rather, the state's second attempt in June and July 1995 to make proper return of service to the superior court appears to be a continuation of the same action, not a second action that was once before the court and failed, as contemplated by the statute. There was no determination or ending to the "original action." See § 52-592(a). Therefore the accidental failure of suit statute does not apply. Pintavalle v. Valkanos and Marangio v.Shop Rite Supermarkets, Inc. "established that Section 52-592(a) permitted new actions to be filed only within one year after thetermination of the first action. . . ." D. Hammond E. Madin, Jr., 1994 Connecticut Tort Law Review, 69 Conn. Bar J. 32, 67 (1995) (emphasis added). This analysis, as does a reading of the cases, suggests that the first action must have an ending for the accidental failure of suit statute to apply to a second action.
The facts of this case yield yet another possible construction of the issue under probate law. While the court has indicated the first action "commenced" upon service of the notice of appeal upon the respondent, Broderick v. Jackman, 167 Conn. supra, 99, under a more strict probate analysis, the right of appeal was never completed:
 When all the conditions exist the right of appeal is complete, but certain requisites are necessary to its CT Page 4112-BB full and effective exercise. . . . the appeal must be entered in the Superior Court at the proper time and term. When the right to appeal thus exists and the right has been duly exercised in the manner prescribed by law, the Superior Court has full jurisdiction over the subject matter of the appeal. Fuller v. Marvin 107 Conn. 354, 357, citing Orcutt's Appeal 61 Conn. 378, 382, 24 A. 276.
In the present case the appeal was not "entered in the Superior Court" within the proper time and the right of appeal was thus never perfected. An application could have been made to the Superior Court to order the case to be placed upon the docket, Coughlan v. Murphy, 134 Conn. 601, 606 (1948), but this was not done. Under this construction the matter before the court was not brought within the proper statute of limitations, the right to appeal was never perfected and the accidental failure of suit statute does not apply since that statute requires that the first action he "commenced within the time limited by law . . ."
It is worth noting briefly the policy underlying the shorter statute of limitations allowed by § 45-187(a), which is 90 days, for termination of parental rights appeals from probate for parties who did not have notice of the original hearing, as opposed to one year for all other such probate appeals. The appellate court cases note the interplay and competing issues between a remedial statute such as § 52-592 which save a case from technical deficiencies and statutes of limitations, which reflect an underlying policy not to let cases languish in the courts and be subject to continuous litigation without finality. It is this court's position that even a remedial statute ought to be narrowly construed in child protection cases, in which the permanent placement of a child is at issue and the case has been heard and decided, if the net effect will be to bring the case to a swift and final conclusion. The best interests of the child has been interpreted to mean, among other things, prompt resolution and finality of the judgement. See generally, J. Goldstein, A. Freud, A. Solnit, Beyond the Best Interests of the Child (1979); In re Juvenile Appeal (Anonymous), 177 Conn. 648, 665
(1979) (an absence of one year "for whatever reason, is significant in the life of a young child."); In re Romance M.,229 Conn. 345, 356-57 (1994) (the importance of permanent placement for a child's future health and development warrants termination of parental rights when there is no reasonable prospect a parent would rehabilitate in near future and foster CT Page 4112-CC mother had become child's psychological parent); General Statutes § 45a-717(f) and § 17a-112(b) (delineating the time frame in which a court may terminate parental rights) and General Statutes § 45a-717(g) and § 17a-112(c) ("The court may waive the requirement that one year expire prior to the termination of parental rights if it finds from the totality of the circumstances surrounding the child that such a waiver is necessary to promote the best interest of the child.")
For the foregoing reasons, the motion for summary judgement is granted.