[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO DISMISS (#103)
 I. FACTS
On September 24, 2001, the plaintiffs, Peter A. Rukstela, Jr. and George Rukstela, filed in the Superior Court their motion for appeal from the April 6, 2001 order and decree of the Probate Court for the district of Woodstock.[1] The order and decree admitted to probate a copy of the decedent's, Peter A. Rukstela, Sr., will. The plaintiffs seek to avoid CT Page 6103 the effect of an untimely appeal by attacking their written waiver of legal notice on the ground that waiver was obtained without disclosure that the will admitted for probate was a copy and not an original. On November 14, 2001, the defendant, Linda Rukstela, executrix of the decedent's estate, filed a motion to dismiss the plaintiffs' appeal on the ground that the appeal is untimely under § 45a-187 and, thus, deprives the Superior Court of subject matter jurisdiction. In support of her motion, the defendant filed a memorandum of law. On November 30, 2001, the plaintiffs filed a memorandum in opposition to the defendant's motion to dismiss. Both the defendant and the plaintiffs filed reply memoranda.
 II. DISCUSSION
The defendant moves to dismiss the plaintiffs' appeal on the ground that § 45a-187 limits the time for taking an appeal to thirty days from the date the Probate Court issues its order and decree. The defendant argues that because the plaintiffs filed an appeal over one hundred days after the Probate Court entered its order and decree, the Superior Court must dismiss the plaintiffs' appeal as untimely.
In response, the plaintiffs argue that although they did not file their appeal within thirty days after the Probate Court rendered its order and decree, their appeal is timely under § 45a-187. The plaintiffs argue that because they signed a written waiver of notice without knowing that a copy of the decedent's will was being admitted to probate, their written waiver applied only to an original will and not to a relinquishment of their right to receive legal notice of the probate hearing and notice of the court's subsequent order and decree. Therefore, the plaintiffs contend that because they did not receive notice of the hearing, were not present at the hearing and were not represented by legal counsel, they are entitled to a one year period under § 45a-187 in which to appeal the Probate Court's order.
In her reply memorandum, the defendant argues that the plaintiffs' written waiver served as legal notice of the Probate Court's admittance of a copy of the decedent's will and its subsequent order and decree, thereby limiting the plaintiffs to thirty days in which to appeal. In addition, the defendant maintains that because the plaintiffs filed a motion to appeal after the statutory period had expired, the plaintiffs' untimely appeal must be dismissed as a matter of law.
In response, the plaintiffs argue that Connecticut case law presumes that when an original will is not submitted for probate it is because the CT Page 6104 testator revoked it. Also, the plaintiffs reiterate that they did not sign the waiver of legal notice knowing that a copy of the decedent's will, rather than the original will, was being admitted to probate. Thus, the plaintiffs argue that their waiver was ineffective and, as such, their appeal is timely before this court.
1. Statutory Time Period
The right to appeal from a decree of the Probate Court is statutory and, therefore, all requirements must be satisfied. See State v. Goggin,208 Conn. 606, 615, 546 A.2d 250 (1988). General Statutes § 45a-186
(a) allows any person aggrieved by any order or decree of a court of probate to appeal therefrom to the Superior Court. General Statutes §45a-187 (a) allows a person of majority age thirty days to appeal an order of the Probate Court to the Superior Court if such person was present at the hearing, received legal notice to be present, was given notice of right to request a hearing or filed a written waiver of right to a hearing. General Statutes § 45a-187 (a), however, mandates that if such person did not receive notice to be present and was not present at the hearing, or did not receive notice of right to request a hearing, then the time in which an appeal may be taken is twelve months from the date the Probate Court issues its decree. General Statutes §§ 45a-186
and 45a-187 are statutes of limitations and were drafted with the intent "to limit the right of the appellant and to protect the rights of the appellee. . . ." Phinney v. Rosgen, 162 Conn. 36, 41, 291 A.2d 218
(1971).
2. Waiver
General Statutes § 45a-286 provides in pertinent part "[a]ny court of probate shall, before proving or disapproving any last will and testament . . . hold a hearing thereon, of which notice . . . has been given to all parties known to be interested in the estate, unless all parties so interested sign and file in court a written waiver of such notice. . . ." The Supreme Court defines "waiver" as the "voluntary relinquishment of a known right." DelVecchio v. DelVecchio, 146 Conn. 188,194, 148 A.2d 554 (1959). In the present case, the "known right" which the plaintiffs relinquished through their written waiver was legal notice, "thereby escalating written waiver to the equivalency of legal notice." VanBuskirk v. Knierim, 169 Conn. 382, 385, 362 A.2d 1334
(1975). Furthermore, the Supreme Court has recognized that "[m]ost courts . . . have adopted the practice of not assigning a time and place for formal hearing upon such applications where notice of hearing is waived. . . . In such cases the papers are examined by the court, and if the granting of administration or probate of the will found to be proper, the necessary decree is entered without further formality." CT Page 6105 (Internal quotation marks omitted). Phinney v. Rosgen, supra,162 Conn. 39. Here, the plaintiffs signed a written waiver of legal notice regarding the probate of the decedent's estate. Under § 45a-286 when a written waiver of notice is signed by all interested parties of the estate, as was done by the plaintiffs in the present case, the Probate Court may admit the will. Id., 40. Therefore, when the plaintiffs filed their written waiver of notice with the Probate Court, the notice requirements of §§45a-286 and 45a-187 (a) were satisfied and, thus, the Probate Court was no longer required to provide the plaintiffs with legal notice as to a hearing. Our Supreme Court maintains that "[t]o construe §§ [45a-186] and [45a-187] as allowing the plaintiff[s] twelve months in which to appeal when [they] had signed a written waiver of notice, in lieu of notice, completely ignores the effect of § [45a-286]. Such a construction would . . . have the effect of eliminating the waiver of notice, provided for by § [45a-286], as the alternative to legal notice." (Internal quotation marks omitted.) VanBuskirk v. Knierim, supra, 169 Conn. 385. Moreover, the Supreme Court noted that such an interpretation "would have the further effect of allowing anyone who had legal notice only thirty days in which to appeal, whereas one waiving notice would have twelve months. Such results could not have been intended by the legislature." Phinney v. Rosgen, supra, 162 Conn. 40.
This court finds that the plaintiffs had thirty days from April 6, 2001, the date the Probate Court issued its order and decree, in which to take an appeal under §§ 45a-186 (a) and 45a-187 (a). Because the plaintiffs filed their appeal nearly five months after the Probate Court rendered its order and decree, their appeal is untimely under § 45a-187
(a) and deprives this court of subject matter jurisdiction. The plaintiffs' argument that they had one year from August 8, 2001, the date that they "learned of' the Probate Court's admittance of a copy of the decedent's will, is without merit. The plaintiffs signed a written waiver of notice, thus, renouncing their right to legal notice of a hearing on the probate of the decedent's estate. The plaintiffs' written waiver was not limited to waiving their right to the type of will being admitted to probate. It is the province of our legislation to timely settle the probate of estates. See VanBuskirk v. Knierim, supra, 169 Conn. 385. Thus, the time within which an appeal from probate may be taken is statutorily limited.
 III. CONCLUSION
For the forgoing reasons, the defendant's motion to dismiss is granted. CT Page 6106
Francis J. Foley, III Judge of the Superior Court