## In re Jason D.*
### (6272)

Borden, O'Connell and Stoughton, Js.

Argued January 6—decision released March 15, 1988

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 2026, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*Edward G. Pizzella,* with whom, on the brief, were *Robert G. Pizzella* and *Sidney L. Rosenblatt,* for the appellants (petitioners).

*Heather Wilson,* assistant attorney general, with whom were *Jane Scholl,* assistant attorney general, and, on the brief, *Joseph I. Lieberman,* attorney general, for the appellee (respondent).

*Brian Thomas Walsh,* for the minor child.

STOUGHTON, J. This is an appeal from the dismissal of a petition for termination of parental rights which was filed in the Probate Court and transferred to the Superior Court. We find no error.

On December 3, 1984, the adoptive parents of Jason filed a petition pursuant to General Statutes § 45-61c in the Court of Probate for the district of Newington. The attorney for the minor child contested the petition and requested that the matter be transferred to the Superior Court under the provisions of § 45-61c (g). The matter was transferred to the Superior Court on January 21, 1987. On June 13, 1987, the commissioner of the department of children and youth services (DCYS), the previously appointed guardian of Jason, moved to dismiss the petition. The motion to dismiss was granted, and the adoptive parents have appealed. They claim that the trial court erred (1) in holding that the adoptive parents have no standing to petition for termination of their parental rights with respect to a child committed to the DCYS, (2) in holding that a child over the age of fourteen years cannot be estopped to deny

his consent to a petition for the termination of parental rights, and (3) in holding that the child's failure to join in the petition did not constitute a waivable jurisdictional defect.

The trial court found inter alia, the following among other facts. Jason was born on October 21, 1970, and, the parental rights of his biological parents having been terminated, was adopted by the petitioners on January 12, 1981. After a year of escalating conflicts and runaways, the adoptive parents asked DCYS to place Jason in foster care. On February 8, 1984, the adoptive parents admitted that Jason was homeless and agreed to his commitment to DCYS. The commitment continued to the time of the hearing. In response to a petition for support filed by the bureau of collection services, the adoptive parents agreed to a support order. When no payment was made on the order, the bureau filed a motion for contempt. Two days before the scheduled hearing on the motion, the adoptive parents initiated the action for termination of their parental rights.

DCYS moved to dismiss the petition claiming that the court lacked subject matter jurisdiction for two reasons. The first claim was that the youth was committed to DCYS at the time of the petition, and the petition was neither brought in the Superior Court for juvenile matters which pursuant to General Statutes § 46b-121[1]

[1] "[General Statutes] Sec. 46b-121. (Formerly Sec. 51-302). JUVENILE MATTERS DEFINED, AUTHORITY OF COURT. Juvenile matters include all proceedings concerning uncared-for, neglected or dependent children and youth and delinquent children within this state, termination of parental rights of children committed to a state agency, matters concerning families with service needs and contested termination of parental rights transferred from the probate court, but does not include matters of guardianship and adoption or matters affecting property rights of any child or youth over which the probate court has jurisdiction. In such juvenile matters, the superior court shall have authority to make and enforce such orders directed to parents, including any person who acknowledges before such court paternity

has jurisdiction over such matters, nor was it brought by any of the persons authorized by General Statutes § 17-43a[2] to petition for termination of parental rights with reference to a committed child. The second claim was that the minor child had not joined in the petition as required by General Statutes § 45-61c.

In a well reasoned memorandum of decision, the trial court considered the relevant statutory provisions and their legislative history. It then reached the following conclusions: (1) the Superior Court, sitting as a Court

of a child born out of wedlock, guardians, custodians or other adult persons owing some legal duty to a child or youth therein, as it deems necessary or appropriate to secure the welfare, protection, proper care and suitable support of a child or youth subject to its jurisdiction or otherwise committed to or in the custody of the commissioner of children and youth services. Said court shall also have authority to grant and enforce injunctive relief, temporary or permanent in all proceedings concerning juvenile matters. If any order for the payment of money is issued by said court, the collection of such money shall be made by said court, except orders for support of children committed to any state agency or department, which orders shall be made payable to and collected by the department of administrative services. In juvenile matters, the court shall have authority to make and enforce orders directed to persons liable hereunder on petition of said department of administrative services made to said court in the same manner as is provided in section 17-324, in accordance with the provisions of subsection (b) of section 17-31i, section 17-32, 17-82e, 17-295, 17-295a, 46b-129 or 46b-130, and all of the provisions of section 17-324 shall be applicable to such proceedings. Any judge hearing a juvenile matter may make any other order in connection therewith within his authority to grant as a judge of the superior court and such order shall have the same force and effect as any other order of the superior court."

[2] General Statutes § 17-43a provides in pertinent part: "In respect to any child committed to the commissioner of children and youth services in accordance with section 46b-129, either the commissioner, or the attorney who represented such child in the prior commitment proceeding, or an attorney appointed by the superior court on its own motion, or an attorney retained by such child after attaining the age of fourteen may petition the court for the termination of parental rights with reference to such child, including the right to petition the court for the revocation of the commitment of the child. The petition shall be in the form and contain the information set forth in subsection (b) of section 45-61c . . . ."

of Probate following transfer of a contested termination petition filed under § 45-61c, lacks jurisdiction to entertain such petition when the subject child is committed to DCYS under § 46b-129; (2) only DCYS or the attorney for a committed child may file petitions to terminate parental rights of committed children, which petitions must originate in the Superior Court; (3) neither the Probate Court nor the Superior Court may entertain petitions to terminate the parental rights of any child over the age of fourteen who has not affirmatively joined in such petition.

We find that the third of these conclusions is dispositive of this appeal. Even if we assume without deciding that the parents may petition the Court of Probate to terminate their parental rights over a committed child pursuant to the provisions of § 45-61c (a), as the petitioners maintain they are entitled to do, § 45-61c (a) contains the proviso that where the minor child with respect to whom the petition is brought has attained the age of twelve,[3] the minor child shall join the petition. It is not necessary for us to decide whether the

───────────

[3] "[General Statutes] Sec. 45-61c. PETITION TO TERMINATE PARENTAL RIGHTS. (a) Any of the following persons may petition the court of probate to terminate parental rights of all persons who may have parental rights regarding any minor child or for the termination of parental rights of only one parent provided the application so states: (1) Either or both parents, including a parent who is a minor; (2) the guardian of the child; (3) the selectmen of any town having charge of any foundling child; (4) a duly authorized officer of any child care agency or child-placing agency or organization or any children's home or similar institution approved by the commissioner of children and youth services; (5) a blood relative of the child, descented from a common ancestor not more than three generations removed from the child, if the parent or parents have abandoned or deserted the child; (6) the commissioner of children and youth services, provided the custodial parent of such minor child has consented to the termination of parental rights and the child has not been committed to the commissioner, and no application for commitment has been made; provided in any case hereunder where the minor child with respect to whom the petition is brought has attained the age of twelve, the minor child shall join the petition."

parents may petition the Court of Probate in such circumstances because the petitioners do not assert any authority other than § 45-61c for their petition, and the record is clear that the child was over fourteen and did not join in the petition. The jurisdiction of the Court of Probate is governed entirely by statute and it may only act as authorized by statute. *Palmer* v. *Hartford National Bank & Trust Co.,* 160 Conn. 415, 428, 279 A.2d 726 (1971). A court which exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation. *Heiser* v. *Morgan Guaranty Trust Co.,* 150 Conn. 563, 565, 192 A.2d 44 (1963). Where the petition does not show that the minor child joined in the petition, the Court of Probate lacked jurisdiction to entertain it. Since the Probate Court lacked jurisdiction of the subject matter, so too did the Superior Court after the transfer to it of the petition, and the court was correct in dismissing the petition.

The claim by petitioner that the statutory requirement that a child of a certain age join in the petition may be satisfied by evidence of the child's conduct or behavior, or that the child should be estopped from denying consent by his conduct or behavior, we find unpersuasive. The legislative requirement that the child join in the petition is clearly expressed, and we agree with the trial court that this consent cannot be waived by conduct.

There is no error.

In this opinion the other judges concurred.