[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The principal issue raised by this motion for summary judgment is whether there exists a genuine issue of material fact as to whether the defendant Albert Lee aided and abetted a breach of fiduciary duty allegedly committed by his wife, as holder of a power-of-attorney for his mother.
The plaintiff, Janie Lee Palmieri, administratrix of the estate of her deceased mother, Jennie Lee Wilson (decedent), has filed a five count complaint. The defendants are Albert Lee (Albert), who is the decedent's son and the plaintiff's brother, and his wife Diana M. Lee (Diana). In counts one and three, the plaintiff asserts causes of action entitled "Breach of Fiduciary Duty — As To Diana M. Lee" and "Negligent Breach of Contract — As To Diana M. Lee" respectively. In counts two and four, the plaintiff asserts causes of action entitled "Breach of Fiduciary Duty — As To Albert Lee" and "Negligent Breach of Contract — As To Albert Lee" respectively. In count five, the plaintiff asserts a cause of action entitled "Accounting — As To Diana M. Lee and Albert Lee."
This lawsuit arises out of the disposition of the decedent's assets. According to the complaint, in January, 1992, the decedent, while she was alive, granted an enduring power of attorney to her daughter-yin-law, Diana. Pursuant to this power, the decedent authorized Diana to act for her in a number of CT Page 14930 matters, and specifically authorized Diana to make gifts of the decedent's assets to the decedent's children provided that such gifts "must be equal." The plaintiff also alleges that during this time period, Diana managed the decedent's assets pursuant to the power of attorney.
From approximately July, 1993 to May, 1995, the plaintiff and the defendants alternated the responsibility for the decedent's physical care. In August, 1994, the decedent moved into the defendants' home where she resided until May, 1995. The decedent was then admitted to a health care facility where she died two days later.
Based on an inventory of assets dated July 7, 1992, the plaintiff estimated the value of the decedent's estate at the time of her death to be $169,918.14. The plaintiff alleges that after the decedent died, she contacted the defendants regarding the decedent's assets. They allegedly informed her that the decedent's estate had no current value and that all of its assets had been liquidated and the funds from the liquidation no longer existed. On October 6, 1995, the Probate Court of the district of Deep River appointed the plaintiff as administratrix of the decedent's estate. On September 13, 1996, the plaintiff filed a petition with the Probate Court naming Diana as the respondent, and requesting that the court order the "respondent and Albert to produce all assets [and] grant petition for accounting." The Probate Court issued a decision determining that Diana, as a fiduciary, had a duty to provide the plaintiff with an accounting of the decedent's assets and ordered her to do so within sixty days.[1] In its decision, the Probate Court also held that it did not have jurisdiction to order Diana and Albert to produce all assets.
Albert has moved for summary judgment as to counts two, four and five. "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an CT Page 14931 issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.)Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552, 554-55,707 A.2d 15 (1998). "Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment . . . ." (Citation omitted; internal quotation marks omitted.) Great County Bank v. Pastore, 241 Conn. 423, 436,696 A.2d 1254 (1997).[2] "Requiring the nonmovant to produce such evidence does not shift the burden of proof. Rather, it ensures that the nonmovant has not raised a specious issue for the sole purpose of forcing the case to trial." Id.
 I
Albert Lee first contends that he is entitled to summary judgment on counts two and four, which bear the sub-headings breach of fiduciary duty and breach of contract, respectively, because the plaintiff fails to adequately allege causes of action against him for breach of fiduciary duty and breach of contract and because she fails to present genuine issues of material fact as to these counts. The plaintiff counters that, as to these counts, (1) the motion is premature; (2) she is not alleging causes of action against Albert Lee for breach of fiduciary duty and breach of contract, but for aiding and abetting Diana in so doing, and she adequately alleged these causes of action; and (3) she has raised genuine issues of material fact as to these causes of action.
 A.
The plaintiff argues that the motion for summary judgment should be denied because she is still in the process of engaging in discovery and two motions to compel the defendants to comply with discovery orders, which she filed in June, 1999, are currently pending before the court. She has not, however, filed a motion for continuance or submitted any affidavits in support of her position on this issue.
Practice Book § 17-47 provides: "Should it appear from the affidavits of a party opposing the motion [for summary judgment] that such party cannot, for reasons stated, present facts CT Page 14932 essential to justify opposition, the judicial authority may deny the motion for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just." Pursuant to this provision, a party who contends that it needs to conduct additional discovery to respond to a motion for summary judgment is required to file a motion for a continuance and "must show by affidavit precisely what facts are within the exclusive knowledge of the moving party and what steps he has taken to attempt to acquire these facts." Dorazio v.M.B. Foster Electric Co., 157 Conn. 226, 230, 253 A.2d 22 (1968). "A party opposing a summary judgment motion pursuant to § 382 [now Practice Book (1998 Rev.) § 17-47] on the ground that more time is needed to conduct discovery bears the burden of establishing a valid reason why the motion should be denied or its resolution postponed including some indication as to what steps that party has taken to secure facts necessary to defeat the motion. . . . The trial court has wide discretion under § 382 to determine whether the party seeking additional time to conduct discovery already has had a sufficient opportunity to establish facts in opposition to the summary judgment motion . . . (Citations omitted.) Peerless Ins. Co. v. Gonzalez, 241 Conn. 476, 489,697 A.2d 680 (1997). "If a party opposing summary judgment has had ample opportunity to procure the information necessary to defeat the motion, a trial court properly may deny a continuance." GreatCounty Bank v. Pastore, supra, 241 Conn. 438. Further, if the party does not "show how [it] had tried and had failed at other methods to acquire the information," the trial court does not abuse its discretion in denying a request for a continuance. Id. In cases in which the party contending that it needs additional time to oppose a motion for summary judgment fails to provide affidavits in support of its contention, the request for a continuance may be denied. SeeSheridan v. Board of Education, 20 Conn. App. 231, 238,565 A.2d 882 (1989).
Because the plaintiff has filed neither a motion for continuance nor an affidavit in support of her contention that she needs additional time to conduct discovery, and because she has not otherwise established that she has not had sufficient time to conduct discovery, the court holds that the motion for summary judgment is not premature.
 B.
Albert claims that because counts two and four fail to allege the specific fiduciary duty and the specific contract which he CT Page 14933 allegedly breached, they are legally insufficient and he is entitled to summary judgment on these counts.[3] The plaintiff argues that, despite the titles she assigned to these counts, she is not alleging causes of action against Albert Lee for breach of fiduciary duty and breach of contract, but for aiding and abetting Diana in breaching her fiduciary duty and negligently breaching the power of attorney contract.
Preliminarily, two observations are in order. First, "[t]he legal sufficiency of a complaint may be challenged after the pleadings have been closed by filing a motion for summary judgment. See Boucher Agency, Inc. v. Zimmer, 160 Conn. 404, 409,279 A.2d 540 (1971). `Although the Appellate Court in Burke v.Avitabile, 32 Conn. App. 765, 772, 772 n. 9, 630 A.2d 624, cert. denied, 228 Conn. 908, 634 A.2d 297 (1993), discountenanced the filing of a motion for summary judgment to test the legal sufficiency of a complaint and characterized language in Boucher to the contrary as `anomalous,' a more recent appellate opinion, by a panel which included two of the three judges who issued Burke, has restated that a motion for summary judgment is a proper procedural vehicle to test the legal sufficiency of a complaint. See Drahan v. Board of Education, 42 Conn. App. 480,498 n. 17, 680 A.2d 316, cert. denied, 239 Conn. 921,682 A.2d 1000 (1996). While a litigant should not be put out of court on a motion for summary judgment because of pleading deficiencies it would truly be `anomalous' to permit a litigant to [go to trial on or] recover on a cause of action which did not exist where that anomaly could be corrected by a pretrial motion . . . In such circumstances, however, the motion for summary judgment is treated `as if it were properly presented as a motion to strike.'" (Footnote omitted.) Orta v. Rivera, Superior Court, judicial district of New Haven, Docket No. 408173 (November 10, 1998).
Second, when a court is required to "determine the nature of a pleading, [the court is] not required to accept the label affixed to that pleading by the party." Home Oil Co. v. Todd,195 Conn. 333, 340, 487 A.2d 1095 (1985); see also, Norse Systems,Inc. v. Tingley Systems, Inc., 49 Conn. App. 582, 600,715 A.2d 807 (1998). "It is, after all, the facts alleged which determine the cause of action, and not the nomenclature employed." HartfordAccident Indemnity Co. v. Chung, 37 Conn. Sup. 587, 595,429 A.2d 158 (App. Sess. 1981).
In count one, the plaintiff asserts that Diana, as the CT Page 14934 decedent's attorney in fact, had a duty as to the decedent's assets and that she breached this duty by not complying with the order of the Probate Court, dissipating the decedent's assets in a manner inconsistent with the power of attorney and by using the decedent's assets solely for her own benefit and that of her husband. In count two, the plaintiff incorporates count one, and alleges, at paragraph 19, that "[d]efendant, Albert Lee, is also liable to the estate because he knew of his wife's conduct, in breaching her fiduciary duty and in otherwise dissipating assets and "nevertheless gave her substantial assistance and encouragement and otherwise aided and abetted her [in] before stated tortious conduct to his benefit." In count three, the plaintiff alleges that Diana negligently breached the power of attorney by dissipating the decedent's assets. In count four, the plaintiff incorporates count one, and alleges, at paragraph 20, that the "[d]efendant, Albert Lee, knew of his wife's conduct, negligently breaching, the power-of-attorney contract and nevertheless gave her substantial assistance and encouragement and otherwise aided and abetted her [in] before stated tortious conduct to his benefit." Despite the titles she assigned to these counts, the plaintiff is not alleging causes of action against Albert for breach of fiduciary duty and breach of contract, but rather is asserting that he aided and abetted Diana M. Lee in so doing. The Connecticut Supreme Court recognized a civil cause of action for aiding and abetting in Carney v. DeWees,136 Conn. 256, 262, 70 A.2d 142 (1949). Today, liability for this cause of action is based on the principle articulated in section 876 of the Restatement (Second) of Torts (1979), which provides that a person may be held liable for "harm resulting to a third person from the tortious conduct of another . . . if he . . . knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself . . . ." (Internal quotation marks omitted.)Connecticut National Bank v. Giacomi, 242 Conn. 17, 63 n. 42,699 A.2d 101 (1997). Therefore, to sustain a cause of action for aiding and abetting, a plaintiff is required to plead and prove (1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance, and (3) the defendant must knowingly and substantially assist the principal violation.
Counts two and four fairly allege that Diana breached her duty as attorney in fact or power of attorney, that the defendant knew this and gave her substantial assistance and encouragement CT Page 14935 and otherwise aided and abetted her. Broadly construed, these allegations contain the elements of causes of action against Albert for aiding and abetting Diana in breach of fiduciary duty and negligent breach of contract. Albert is not entitled to summary judgment on counts two and four on the basis of the sufficiency of the allegations.
 C.
Albert also claims that he is entitled to summary judgment on counts two and four because the plaintiff does not raise a genuine issue of material fact as to each element of her causes of action for aiding and abetting. The plaintiff responds that she has raised disputed factual issues that are material to the elements of these causes of action.
As to the first element of these causes of action, the plaintiff contends that there are genuine issues of material fact as to whether Diana breached her fiduciary duty and the power of attorney contract.[4] First, she claims that Diana utilized the authority granted to her in the power of attorney to open an account with A.G. Edwards Sons, placed stocks owned by the decedent in the account, sold the stock and transferred the proceeds into an account that did not belong to the decedent. She specifically cites to a transaction on July 30, 1992, in which approximately $23,500 was transferred to another account, and claims that this money was used by the defendants to purchase property in North Carolina, for which they paid $23,500. The plaintiff also claims that at approximately the same time the defendants purchased this property, they filed for bankruptcy. The documents submitted by the plaintiff indicate that on July 30, 1992, "pursuant to instructions," approximately $23,500 was transferred from the decedent's account to another account, but the records do not show who requested this transaction or who controlled the other account.
In response, Albert argues that Diana did not "become a signatory" on the decedent's account until October, 1992. However, the records indicate that A.G. Edwards Sons had a copy of the power of attorney showing that, on January 7, 1992, the decedent authorized Diana to engage in banking, and bond, share and commodity transactions on her behalf. In addition, the document Albert refers to as authorizing Diana to be a signatory on the account actually conveys check writing privileges to her. Moreover, the records fail to show that Diana could not have CT Page 14936 requested the transactions at issue.
Albert contends that the plaintiff cannot connect the transferred funds to the North Carolina property because that property was acquired on May 18, 1992. In addition, in his affidavit, he makes a general statement that the expenditures that the plaintiff "observed that my wife and I would not otherwise be able to afford were directly as a result of my early retirement and my wife's early retirement . . . ." However, although the plaintiff submitted a general warranty deed which states that, as of May 18, 1992, Diana had paid "valuable consideration" for property in North Carolina, neither party submitted evidence showing when or by what means the full $23,500 was paid.
The plaintiff also contends that Diana breached her fiduciary duty and the power of attorney in connection with the sale of the decedent's home. The plaintiff submitted a document showing that on May 19, 1994, Diana, as attorney in fact for the decedent, received $97,544.70 on the sale of the decedent's premises. A hand-written note on the document states "reimbursement check for $13,660.00 to Diana Lee for . . . medical expenses." The plaintiff claims that the defendants have not accounted for the remaining proceeds. She also argues that material issues of fact exist as to the sale of the decedent's automobile, the number and existence of the defendants' and the decedent's bank accounts, Diana's knowledge of and control over the decedent's brokerage account and other property and other uses of the decedent's assets by Diana. Albert Lee does not respond to these claims.
The plaintiff has adequately demonstrated the existence of genuine issues of material fact on the element of whether Diana breached her fiduciary duty to the decedent and breached the power of attorney.
As to the remaining elements of her causes of action for aiding and abetting, the plaintiff states that evidence that Albert received one half of the value of the North Carolina property shows that he benefitted [benefited] from Diana's wrongful sale of the decedent's stock and therefore, that he aided and abetted Diana. However, Albert's receipt of a benefit from Diana's conduct, alone, is not sufficient. Instead, the plaintiff is required to show that genuine issues of material fact exist as to the questions of whether Albert knew or was generally aware that Diana was breaching her fiduciary duty or the power of attorney CT Page 14937 and whether he knowingly and substantially assisted her in so doing. She does not offer evidence that supports either element.
Regarding the second element, "a person is liable if he . . . knows that the other's conduct constitutes a breach of duty . . ." (Internal quotation marks omitted.) Slicer v.Quigley, 180 Conn. 252, 259, 429 A.2d 855 (1980). Thus the plaintiff is required to provide evidence that the defendant knew or at least was "generally aware of [his] participation in the wrongful activity." Jacobs v. Putnam Trust Co. of Greenwich, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 143807 (September 23, 1997). Here, the only evidence of Albert's knowledge of Diana's conduct as it related to the decedent's assets is found in paragraphs 8 through 16 of his affidavit. In these statements, Albert acknowledges that he was aware that Diana had power of attorney for the decedent, handled a real estate transaction for her and provided her with some unspecified assistance. However, the affidavit does not contain evidence that Albert had knowledge of or was generally aware of any wrongful conduct on the part of Diana. Although courts may be reluctant to grant summary judgment based on the question of whether a scienter requirement is met, "`[i]mputed knowledge' does not rise to the level of being `generally aware'." Id.
As to the third element, the plaintiff must show that the defendant's conduct "constituted a substantial factor in causing the resulting tort." (Internal quotation marks omitted.) Slicerv. Quigley, supra, 180 Conn. 260-61. She must make some factual showing that the assistance provided by the alleged aider and abettor was a substantial factor in bringing about the violation. Here, the evidence that the plaintiff offers in support of this element shows only that on December 18, 1996, Diana M. Lee and Albert Lee executed a general warranty deed to "create a tenancy by the entireties" between themselves in their North Carolina property. (Plaintiff's Affidavit, Exhibit C1-2.) In finding comparable allegations insufficient, one judge has stated, "[i]f the mere entering into [a] transaction were seen to constitute aiding and abetting a breach of fiduciary duty, then every arm's length offeror would be subject to liability for motivations on the other side of the transaction of which the offeror had neither control nor knowledge." Ferber Associates v. NortheastBancorp., Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 344932 (November 17, 1993) (10 Conn. L. Rptr. 388, 391). CT Page 14938
Because the plaintiff fails to refute his contention that no genuine issues of material fact exist as to the second and third elements of her causes of action for aiding and abetting, Albert Lee is entitled to summary judgment on counts two and four.
II
In count five, the plaintiff claims that both defendants should provide her with an accounting to enable her to determine whether the decedent's assets, if any are produced, are equivalent to those assets which she claims have not been accounted for by the defendants. Albert advances two arguments in support of his contention that he is entitled to summary judgment on this cause of action: lack of subject matter jurisdiction[5]
and res judicata.
 A.
Albert contends that this court lacks subject matter jurisdiction over the plaintiff's cause of action for an accounting because the plaintiff previously invoked the jurisdiction of the Probate Court in this matter by filing her petition to produce assets for purpose of accounting. He contends that the plaintiff, having invoked the jurisdiction of the Probate Court, cannot now invoke the jurisdiction of this court. The plaintiff responds that in petitioning the Probate Court for an accounting by Diana, she did not, and indeed could not, invoke that court's jurisdiction over Albert. Therefore, she asserts, this court has jurisdiction over count five as it applies to Albert Lee.
"A determination regarding a trial court's subject matter jurisdiction is a question of law." Doe v. Roe, 246 Conn. 652,660, 717 A.2d 706 (1998). "Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it. . . . Jurisdiction of the subject matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong. . . . A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it." (Internal quotation marks omitted.) Id., 661. "Where a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) Ann Howard'sCT Page 14939Apricots Restaurant, Inc. v. Commission on Human Rights Opportunities, 237 Conn. 209, 221, 676 A.2d 844 (1996).
General Statutes § 51-164s provides, in pertinent part: "The superior court shall be the sole court of original jurisdiction for all causes of action, except such actions over which the courts of probate have original jurisdiction, as provided by statute." "It is a familiar principle that a court which exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation. . . . Our courts of probate have a limited jurisdiction and can exercise only such powers as are conferred on them by statute . . . They have jurisdiction only when the facts exist on which the legislature has conditioned the exercise of their power." (Citations omitted; internal quotation marks omitted.) Heiser v. Morgan Guaranty Trust Co., 150 Conn. 563,565, 192 A.2d 44 (1963); see also Second Injury Fund v.Lupachino, 45 Conn. App. 324, 344, 695 A.2d 1072 (1997). The record of Probate Court documents provided by the parties indicates that although the plaintiff mentioned Albert in her petition, she named only Diana as a party respondent and did not request the Probate Court to order Albert to provide an accounting. Furthermore, in its decision, the Probate Court explained that it had jurisdiction over the plaintiff's petition pursuant to a specific statute, which does not apply to Albert. The statute, General Statutes § 45a-175 (b), read with General Statutes § 45a-98 (a)(6), provides the Probate Court with jurisdiction to "call [persons with specific relationships to estates, including] attorneys-in-fact acting under powers of attorney . . . to account concerning the estates entrusted to their charge"; General Statutes § 45a-98 (a)(6); and to consider an application by a legal representative of the grantor of a power of attorney for submission to the court "of an account for allowance of the . . . attorney's actions under such . . . power." General Statutes § 45a-175 (b). Neither statute provides the Probate Court with jurisdiction over an individual such as Albert, who, as both parties agree, did not have a fiduciary relationship to the decedent or to her estate. Furthermore, the jurisdiction conferred to the Probate Court in §45a-175 (b) is specifically limited by General Statutes § 45a-175
(d) which provides: "The action to submit an accounting to the court, whether . . . pursuant to petition of another party, shall not subject the . . . power of attorney to the continuing jurisdiction of the Probate Court." Finally, contrary to Albert's CT Page 14940 assertion, in its memorandum of decision on the plaintiff's petition, the Probate Court did not deny the requested relief as to Albert. Instead, as to Albert, the Probate Court stated in its order: "The petitioner's request to order the Respondent [Diana M. Lee] and Albert Lee to produce all assets is beyond the jurisdiction of the Court and is, therefore, denied."
Since the Probate Court never had jurisdiction over Albert, this court is not deprived of jurisdiction over him in this original action.
 B.
Albert also argues that, given the decision of the Probate Court on the plaintiff's petition, he is entitled to summary judgment on the plaintiff's cause of action for an accounting pursuant to the doctrine of res judicata.[6] In his first supplemental memorandum, he contends that the doctrine of res judicata also entitles him to summary judgment on the causes of action asserted by the plaintiff in counts two and four. The plaintiff limits her response to the question of whether the doctrine of res judicata applies to her cause of action against Albert for an accounting, however, her arguments would also apply to the causes of action she asserts in counts two and four. She argues that the doctrine does not apply for the following reasons: the Probate Court, because it lacked jurisdiction over Albert did not decide the merits of issue raised against him in this cause of action; and, in the alternative, if the Probate Court did decide the merits of this issue, its decision is invalid.
The related doctrines of res judicata and collateral estoppel "protect the finality of judicial determinations, conserve the time of the court, and prevent wasteful relitigation . . . and express no more than the fundamental principle that once a matter has been fully and fairly litigated, and finally decided, it comes to rest." (Citations omitted; internal quotation marks omitted.) Dowling v. Finley Associates, Inc., 248 Conn. 364, 373,727 A.2d 1245 (1999). "It is well established that the party asserting . . . res judicata bears the burden of establishing its applicability." Commissioner of Environmental Protection v.Connecticut Building Wrecking Co., Inc., 227 Conn. 175, 195,629 A.2d 1116 (1993). To establish a defense of res judicata, Albert must establish that there is no genuine issue of material fact as to each of the following elements: (1) The identity of the CT Page 14941 parties is the same (or privity is established); (2) the same claim, demand or cause of action is at issue; (3) the judgment in the first action was rendered on the merits by a court of competent jurisdiction; and (4) the parties had the opportunity to fully litigate the matter. Tirozzi v. Shelby Insurance Co.,50 Conn. App. 680, 686-87, 719 A.2d 62, cert. denied, 247 Conn. 945,723 A.2d 323 (1998).
Albert was not a party to the Probate Court proceeding. Even if the court were to assume that he was in privity with Diana, the judgment of the Probate Court against her avails him of nothing. The Probate Court did not have jurisdiction over Albert nor did it purport to exercise jurisdiction over him. Therefore, the plaintiff did not have an opportunity to fully litigate her claim against him. See Connecticut National Bank v. Rytman,241 Conn. 24, 44, 694 A.2d 1246 (1997). The plaintiff's action against Albert is not barred by the doctrine of res judicata.
The motion of Albert Lee for summary judgment is granted as to counts two and four and denied as to count five.
BY THE COURT
Bruce L. LevinJudge of the Superior Court